COBY v. IBERT, (two cases.)

(City Court of Brooklyn, General Term. November 27, 1893.)

**1.** PRACTICE—SERVICE OF PAPERS—ADMISSION OF SERVICE.

The court having ordered a dismissal unless, within 20 days, plaintiff should obtain leave at special term to amend her complaint, plaintiff's attorney, on the twentieth day, without leave obtained, personally served an amended complaint on defendant's counsel, and the latter signed an admission of "due service of a copy of the within amended complaint." He swore, however, that he gave the admission inadvertently, in the hurry of business, believing that the paper was an order permitting amendment. Plaintiff's attorney swore that the other had not been misled; that they had conversed on the substantial question in the case, and thereafter he served the complaint, stating what it was, and asking for the admission of service. *Held,* that the court, in its discretion, properly refused to vacate the admission.

**2.** PLEADING—AMENDMENT—NEGLIGENCE AND NUISANCE.

A complaint for personal injuries incurred in falling over a timber on defendant's sidewalk, alleging that defendant negligently permitted the obstruction to remain on the walk, may be amended to allege that defendant had put or caused it to be put there, and that it was a nuisance, since a recovery on either ground would bar an action on the other.

Appeal from special term.

Action by Margaret Coby against Frank Ibert for damages for personal injuries. From two orders entered in the case, defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Horace G. Lansing, for appellant.
Moffett & Kramer, for respondent.

OSBORNE, J. Defendant has appealed from two orders made in this action under the following circumstances: The cause came

on for trial on April 6, 1893, and, a motion having been made to dismiss the complaint, the court directed that plaintiff have leave to withdraw a juror, and that the complaint be dismissed, unless, within 20 days, plaintiff obtains leave at special term to amend her complaint. On the twentieth day thereafter, and without having obtained leave of the court, plaintiff's attorney personally served on one of the defendant's attorneys an amended complaint, and due service thereof, in writing, was admitted by defendant's attorneys. On the same day said amended complaint was returned by defendant's attorneys, with a statement indorsed thereon that the same was returned on the ground that leave to serve the same had not been granted at special term. Thereupon, plaintiff's attorney returned said amended complaint, with a statement indorsed thereon that the same was returned because due admission of its service had been given, in writing, when first served. Defendant's attorneys then moved, on affidavit, to vacate said admission of service, and to set aside the service of said amended complaint. The affidavit on which such motion was based alleged that the admission of service was given inadvertently, without examining it, in the hurry of business, and in the belief that the amended complaint so served was the leave which the plaintiff was directed to obtain at special term before serving an amended complaint. The answering affidavit of plaintiff's attorney denied that defendant's attorneys had been misled, but, on the contrary, alleged that at the time he served the amended complaint the question of defendant's liability was discussed by him and one of the defendant's attorneys; that after such discussion he served the amended complaint, distinctly stating that it was such amended complaint, and asked for admission of service, and thereupon the attorney signed the admission of service, which was as follows: "Due service of a copy of the within amended complaint is hereby admitted. Dated April 26, 1893." After argument, the court, at special term, by an order entered May 9, 1893, denied the motion to vacate the admission of service.

We think that the learned judge sitting at special term exercised a proper discretion in denying defendant's motion. It cannot be questioned that defendant had a right to waive the provision directing plaintiff to apply for leave before serving an amended complaint. There was no denial of the matters alleged in the opposing affidavit of plaintiff's attorney as to what took place at the time the amended complaint was served, and we fail to see how defendant's attorney could have been misled. He knew, or ought to have known, that, when he admitted "due service of a copy of the within amended complaint," he was admitting that the same was properly served in the action, and we do not think that he should now be permitted to withdraw such admission.

After the above-mentioned order of May 9, 1893, had been made and entered, and pending this appeal therefrom, defendant moved to strike out the amended complaint served as aforesaid "upon the ground that the same is not an amendment of the original com-

plaint." This motion was based upon the original complaint and the amended complaint, and also upon an affidavit of one of defendant's attorneys, in which, after stating the proceedings in the action, it is alleged that the "paper purporting to be an amended complaint is not an amendment of the original complaint in this action, but is a complaint founded upon entirely different facts from those set forth in the said original complaint, and alleges a different cause of action from that in the said original complaint set forth." After argument, an order was made and entered at special term on May 29, 1893, denying said motion to strike out said amended complaint. From this last-mentioned order, defendant likewise appeals. We have carefully examined the original and the amended complaint, and we are of the opinion that the order denying the motion to strike out the amended complaint was properly made. In both complaints, it clearly appears that plaintiff seeks to recover damages because defendant wrongfully permitted a large timber to be and remain upon the sidewalk in front of his premises, over which she fell, and sustained severe injuries. Her cause of action is the recovery of damages for injury sustained by her in consequence of the alleged wrongful act of the defendant, in obstructing the free use of the sidewalk. Whether the ground of defendant's liability is for his negligence, or for maintaining a nuisance, does not, we think, change the cause of action. That still remains the same. The allegations in both original and amended complaint are substantially the same. About the only difference between the two is that in the original complaint it is alleged that the defendant permitted the obstruction to remain on the sidewalk, while in the amended complaint it is alleged that the defendant had put or caused the obstruction to be put on the sidewalk, and that the same was a nuisance. We fail to see that a new or different cause of action is set up in the amended complaint. The learned counsel for the appellant cites Davis v. Railroad Co., 110 N. Y. 646, 17 N. E. Rep. 733, as authority for his contention. We think that case supports our views. The court there says that a fair test to determine whether a proposed amendment sets up a new cause of action is, "would a recovery on the original complaint be a bar to a recovery under the amended complaint?" Applying this test to the present case, we have no hesitation in determining that, if plaintiff had recovered damages on the original complaint for the injuries sustained by her in falling over the obstruction on the sidewalk complained of, in consequence of the negligence of the defendant, such recovery would be a bar to any new action by her to recover further damages for the same injuries on the ground that defendant had been guilty of maintaining a nuisance. The order of May 9, 1893, should be affirmed, with costs and disbursements to be taxed. The order of May 29, 1893, should be affirmed, with costs and disbursements to be taxed.