### CORNING CUT GLASS CO. v. IRONS.

(Supreme Court, Special Term, Steuben County. September 4, 1909.)

PLEADING (§ 338*)—SERVICE—ADMISSION OF SERVICE.

Plaintiff's attorneys mailed defendant's attorney an amended demurrer to the answer, with a request to admit service, which he did after striking out the word "duly" from the written form, "Service of within duly admitted" on a certain day. *Held*, that the admission was not of due

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

service, or personal service, but of service by mail, and so did not deprive him of the double time, or 40 days after receiving the amended demurrer by mail, in which to serve an amended answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1022; Dec. Dig. § 338.*]

Action by the Corning Cut Glass Company against Joseph Irons. Defendant moves for an order directing plaintiff's attorneys to accept an amended answer. Motion granted.

Arthur F. Hansl, for the motion.
Sebring & Cheney, opposed.

CLARK, J. On or about the 30th day of June, 1909, plaintiff's attorneys mailed to the defendant's attorney, at his office in the city of New York, an amended demurrer to defendant's answer in the above-entitled action, and also a copy thereof, and in a letter accompanying said papers requested defendant's attorney to admit service of the demurrer, which he did, using the following language: "Service of the within admitted the 1st day of July, 1909"—said omission being indorsed on the back of the original amended demurrer and signed by defendant's attorney. The word "duly," which had been written in the blank, to the effect that the service was duly admitted, was erased, so the service of the demurrer was not duly admitted; service thereof being simply admitted in the language above quoted.

Subsequently, and after a notice of trial of the issue of law raised by the amended demurrer had been served on defendant's attorney, he served an amended answer, which was returned by plaintiff's attorneys on the ground that service was too late; and defendant now moves for an order directing plaintiff's attorneys to accept said amended answer, on the ground that he had 40 days time after the date of service of the amended demurrer in which to serve an amended answer, while the plaintiff's contention is that the admission of service on the 1st day of July, 1909, was equivalent to a personal service of the amended demurrer, even though the papers had been mailed to defendant's attorney.

No cases are cited by counsel on either side. The purpose of serving the amended answer after plaintiff had noticed the issue of law for trial is perfectly apparent. The admission of service in the language adopted by the defendant was not an admission of due service, or of personal service, but in effect amounted to admitting service by mail. In other words, it was an admission merely of the mode of service, and, the papers having been received by the defendant's attorney from plaintiff's attorneys by course of mail, his admission of service in the language adopted did not affect the time allowed for service of the amended answer, and he was consequently entitled to double time, or 40 days after receiving the amended demurrer by mail, in which to make such service. People ex rel. Crandall v. Babcock, 1 How. Prac. 5; Francis v. Sitts, 2 Hill, 362.

This motion must be granted, with $10 costs to abide the event.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes