ESTATE OF KOCHANSKI: KOCHANSKI, Appellant, vs.
GDANIEC, Respondent.

*November 12—December 9, 1924.*

*Executors and administrators: Claims against estates: Extension of
time for filing: Discretion of court: "Good cause."*

1. While the county court has, under sec. 3840, Stats., a wide dis-
cretion in extending the time within which claims may be
presented against estates, said section requires "good cause"
to be shown; and this does not contemplate a *pro forma* ex-
tension for any reason however flimsy. p. 235.
2. An extension of the time for filing a claim against an estate
for services rendered to a decedent is not authorized on an
affidavit that claimant was employed during the day and was
thus prevented from communicating with counsel before ex-
piration of the time limited, in the absence of a showing that
she applied to her employer for and was refused a short ab-
sence for such purpose and had no opportunity to consult
counsel in the evening,—the affidavit on its face presenting a
mere case of inexcusable neglect. p. 236.

APPEAL from an order of the county court of Milwaukee
county: M. S. SHERIDAN, Judge. *Reversed.*

The cause was submitted for the appellant on the brief
of *Timlin & Dean* of Milwaukee, and for the respondent
on that of *Kleczka & Kleczka* of Milwaukee.

DOERFLER, J. Pursuant to an order of the county court
in the matter of the estate of Pauline Kochanski, deceased,
the time for creditors to file claims expired on November 6,
1923. On December 19th of the same year the claimant,
*Martha Gdaniec,* procured an order to show cause, under
the provisions of sec. 3840 of the Statutes, why such time
should not be extended, such application being based upon
the affidavit of the claimant, in which, among other things,
it is alleged that the deceased was indebted to her for ser-
vices in the sum of $525. The alleged good cause shown
in the affidavit is set forth in the following language, to wit:

"That deponent, because of excusable neglect, failed to

file her claim before the expiration of such time, owing to the fact that she was employed during the day and did not have an opportunity to communicate with counsel."

Due notice of this application was served as required by said statute, and upon the hearing was opposed by legatees, appellants herein, and by the guardian *ad litem.* The matter was heard in county court solely upon the affidavit of claimant, and no affidavits or proofs were offered in opposition. The court thereupon made an order extending the time for creditors to file claims, from which order this appeal is prosecuted.

The order being a discretionary one, the only question presented is: Did the court abuse its discretion? Sec. 3840, Stats., after providing for the order limiting the time for creditors to present claims, provides as follows:

"For good cause shown . . . and on the application of a creditor filed, not later than sixty days after the expiration of the time fixed as aforesaid, such time may be extended, but not beyond two years from the date of the letters. . . ."

It is conceded by appellant's counsel that the court on an application of this kind has a wide discretion, and that upon a proper showing being made the application should be granted. We quite agree with the position taken by appellant in this behalf. However, it was not the intention of the legislature that the order for extension shall be granted *pro forma,* nor was it contemplated that any reason however flimsy may be deemed a sufficient basis upon which the court may exercise its discretion. The statute requires "good cause" to be shown, and we must assume that when the legislature used this expression it meant exactly what it said. The only cause advanced by the affidavit is included in the claim that claimant was employed during the daytime and was thus prevented from communicating with counsel. No showing was made that she applied to her employer for a short absence to enable her to confer with counsel and that her request was refused, or that no oppor-

tunity was afforded her to consult counsel after her day's employment ceased, in the evening. The cause shown, on its face presents a mere case of inexcusable neglect. There was nothing in the affidavit upon which the court could exercise a reasonable discretion, and the application should have been denied.

Respondent's counsel rely largely upon *Seidemann v. Karstaedt,* 130 Wis. 117, 109 N. W. 942. In that case the order was based upon a verified petition of the claimant. No proof was offered in support of the petition, and the opposition filed no sworn statements and offered no proof. In its opinion in that case, on page 120, the court says:

"It is conceded that if the facts therein alleged had been established by proofs, independently of the petition itself, then good cause would have been shown within the meaning of the statute.".

The court in substance held that under such a situation the verified petition must be taken as true, and, a sufficient cause having been therein set forth, the order was properly granted. The opinion in the *Seidemann Case* also held, and properly so, that the determination of the application, to a certain extent, was addressed to the sound discretion of the court.

Respondent's counsel herein also refer to *In re Mills,* 34 Minn. 296, 25 N. W. 631. In the *Mills Case* the court held that good cause had been shown and that such cause was clearly one of excusable neglect.

In each of the cases above referred to there was ample basis for a court to exercise a reasonable discretion, and in that respect these cases differ materially from the case at bar, which presents clearly on its face a case of inexcusable neglect.

*By the Court.*—The order of the county court appealed from is reversed, and the cause is remanded with directions to deny claimant's application.