ESTATE OF BEGGS: ANDERS and others, Appellants, vs. McCULLOCH and others, Executors, Respondents.

*January 9—February 7, 1928.*

*Executors: Claims against estates: Extension of time to file: Discretion of court: Effect on other claimants in default.*

1. Sub. (1) and (3), sec. 313.03, Stats., providing for fixing the time within which creditors shall present claims in the administration of estates and for an extension of such time, do not require the county court to enter an order permitting any or all creditors in default to file claims, but only such as excuse their default on a proper showing. p. 44.

Estate of Beggs, 195 Wis. 41.

2. Said sec. 313.03, Stats., is not mandatory but permissive, and a petition by a creditor to extend the time for filing his claim is addressed to the discretion of the court, if presented within sixty days from the time limited for filing claims.   p. 44.

APPEAL from two orders of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Affirmed.*

This is an appeal from an order made and entered on April 19, 1927, refusing to extend the time for filing claims generally, and an order made and entered on June 6, 1927, refusing to permit petitioners to become parties to the proceeding wherein a former claimant was extended time within which to file a claim against the estate of John I. Beggs, deceased.

It appears that the time for filing claims against the estate expired April 6, 1926; that one Buss, within sixty days thereafter, applied to the county court to have the time extended to file a claim against the estate, which petition was granted and the court extended the time for Buss to file his claim to April 19, 1927. This order was granted for good cause shown. Thereafter the appellants filed a petition on May 14, 1927, asserting claims founded on similar facts as those set out in the Buss petition, and alleging that they did not know of the facts until the fall of 1926. They prayed that they might be made parties to the Buss proceeding, and to have the order extending the time to file the Buss claim amended to include all creditors of the estate. A hearing was had on appellants' petition on May 21, 1927, and an order was entered on June 6, 1927, denying the petition. The petitioners appealed.

There is no bill of exceptions, and the case comes here on the record. The errors assigned are: that the court erred in failing to enter a general order on the Buss petition permitting all creditors the right to file claims within the extended time, and the court erred in dismissing appellants' petition.

For the appellants the cause was submitted on the brief of *Simmons, Walker & Wratten* of Racine, *Foley, Brach & Colbert* of Racine, *D. E. Frost* of Stevens Point, and *George B. Nelson* of Stevens Point.

For the respondents there was a brief by *Bernard V. Brady, Miller, Mack & Fairchild,* attorneys for the executors, and *Edgar L. Wood,* guardian *ad litem* for interested minors, all of Milwaukee, and oral argument by *Mr. Brady* and by *Mr. J. G. Hardgrove* of Milwaukee.

CROWNHART, J.   The case involves the construction of sub. (1) and (3), sec. 313.03, Stats. 1925, which read as follows:

"(1) At the time of entering an order for the giving of notice, or upon the due waiver of notice, for granting letters testamentary or of administration, or at any time thereafter, the county court, by order, shall fix a time, not less than four months nor more than one year thereafter, as the circumstances of the case may require, within which creditors shall present their claims for examination and allowance.   For good cause shown and upon such notice to the executor or administrator or other parties in interest as the court may direct and on the application of a creditor filed, not later than sixty days after the expiration of the time fixed as aforesaid, such time may be extended, but not beyond two years from the date of the letters.   The court shall fix also by said order a time after the presentation of claims for the examination and adjustment of any claims presented; provided that hearing may be held on such claims and such claims may be examined and determined at any regular or special term of the court, and all hearings on claims, the examination and determination thereof and all proceedings heretofore had relating to such claims shall not be held invalid for the reason that the same had not been heard at a regular term, if such hearings, examinations, determinations or proceedings were in all other respects regular and valid.

"(3) Notice of the times within which creditors may present their claims and of the time when the same will be

examined and adjusted by the court shall be given by pub-
lication, as provided in sections 324.20 and 324.26 for three
consecutive weeks, and, where there is no waiver of notice
for granting letters, or when letters have not been granted,
may be given with the notice for granting letters testa-
mentary or of administration, or in such other manner as
the court may direct, the first publication to be made within
fifteen days of the date of said order.  At the times so fixed
for examining and adjusting claims the court may, if neces-
sary, adjourn the hearing to such other time and from time
to time thereafter as may be convenient until the examination
and adjustment be completed, and no hearing on claims shall
be had and no judgment on claims shall be entered until after
issuing letters testamentary or of administration."

Clearly, the statute does not require the county court to
enter an order permitting any or all creditors in default to
file claims, but only such as excuse their default on a proper
showing.  The statute is not mandatory but permissive, and
therefore the petition was addressed to the discretion of the
court if presented within sixty days of the expiration of the
time fixed for filing claims.

The statute provides in the third sentence of sub. (1) that
"The court shall fix also by said order a time after the pres-
entation of claims for the examination and adjustment of
any claims presented."  The court so fixed by order the date
April 6, 1926.  Within sixty days thereafter, to wit, on
June 1, 1926, the Buss petition was filed, and upon good
cause shown the time was extended for the petitioner to file
his claim until April 19, 1927.  The appellants here did not
file their petition until May 14, 1927, and not until after
the sixty days provided by statute had expired.  Appellants
contend that the use of the word "claims" in the plural form,
in the third sentence of the statute, supports their conten-
tion that the extension of time granted one creditor should
apply to all creditors; hence, that it was error for the court
to limit the extension of time to the one claimant.  This
contention is based on the assumption that the word "claims"

Estate of Beggs, 195 Wis. 41.

in the third sentence refers to claims in the preceding sentence, presented for extension on good cause shown. Plainly such is not the case. The expression "by said order" as used in the third sentence clearly refers to the only order theretofore mentioned, namely, the order to fix a time within which creditors shall present their claims for examination and allowance. It does not have any reference to the special circumstances mentioned in the second sentence permitting extension of time for good cause shown. If there were any doubt from the mere reading of the statute as to the construction here given, it is made certain by a history of the statute, which it is unnecessary to set forth here.

The purpose of the statute cannot be in serious doubt. Where one has failed to file a claim within the time limit, he may show, if he can, good reason why he should be still permitted to file his claim, within sixty days from the time limited for filing claims, and the court may grant him, upon such showing, an extension of time to file his claim. But no one may be permitted to clog the wheels of justice except as he is able to show good cause in an appeal to the discretion of the court for an extension of time, and this he must do within the sixty days limited by statute. The purpose of the statute is not to reward the inexcusably indifferent or negligent claimant, but to aid the one with a meritorious claim if he presents his petition within the sixty days. For these reasons the orders of the county court must be sustained.

*By the Court.*—The orders of the county court are affirmed.