WILL OF BELLANT: GIULI, Executor, Appellant, vs. ALIOTO, Respondent.
WILL OF BELLANT: GIULI, Executor, Appellant, vs. DENTICI, Respondent.

*November 5—December 4, 1928.*

320

For the appellant there were briefs by *Stover & Stover* of Milwaukee, and oral argument by *Paul Stover*.

*Albert M. Kelly* of Milwaukee, for the respondents Alioto and Dentici.

CROWNHART, J. The question of law for consideration is whether the petitioners, by their petitions or their proofs, showed good cause for the entry of such orders, as provided by sec. 313.03 (1), Stats. The statutes provide:

". . . For good cause shown and upon such notice . . . not later than sixty days after the expiration of the time fixed as aforesaid, such time may be extended, but not beyond two years from the date of the letters. . . ."

By reference to the petition it appears that the only cause shown for such extension is that petitioners lived in San Francisco and did not learn of the death of testator "until some time after said deceased died, and that said claimant did not know that probate proceedings had been instituted."

In *Estate of Kochanski*, 185 Wis. 234, 235, 201 N. W. 239, it is held:

"It was not the intention of the legislature that the order for extension shall be granted *pro forma,* nor was it contemplated that any reason however flimsy may be deemed a

sufficient basis upon which the court may exercise its discretion. The statute requires 'good cause' to be shown, and we must assume that when the legislature used this expression it meant exactly what it said."

In *Estate of Beggs,* 195 Wis. 41, 217 N. W. 708, it is said:

"The purpose of the statute cannot be in serious doubt. Where one has failed to file a claim within the time limit, he may show, if he can, good reason why he should be still permitted to file his claim within sixty days from the time limited for filing claims, and the court may grant him, upon such showing, an extension of time to file his claim. But no one may be permitted to clog the wheels of justice except as he is able to show good cause in an appeal to the discretion of the court for an extension of time, and this he must do within the sixty days limited by statute. The purpose of the statute is not to reward the inexcusably indifferent or negligent claimant, but to aid the one with a meritorious claim if he presents his petition within the sixty days."

The county court stated on the hearing:

"We take the position that if it is a just claim and the time has not passed that we give them an opportunity. . . . The court as a rule grants an extension any way, and if the claim is just we want it paid, and if it is not we want it disallowed. . . . . The question for the court is, Should there be an extension of time, and we invariably grant it."

The court evidently misconceived his duty in the premises. The legislature enacted the statute and thereby fixed the state's policy. The practice of the court might work out substantial justice—might be a better public policy than that of the legislature,—but the law governs and the court is bound by it. The public policy is as stated in the cases cited *supra.*

The petitions and the proofs were clearly insufficient to show good cause for the extension. However, the situation is such as to require, in the interest of justice, that the orders be reversed with the opportunity given to petitioners, if they have good cause to excuse their failure to file their claims on

time, to make proper proof thereof. The rulings of the county court were such as to excuse the petitioners from making the necessary showing even if they had the ability to do so.

*By the Court.*—The orders of the county court are reversed, with directions to permit the petitioners, within reasonable time to be fixed by said court, to amend their petitions and to make proof of good cause for extension of time to file their claims, if they can, as required by the statutes.