ESTATE OF BENESCH.

BRESLAUER, Executrix, Appellant, vs. SIREN and wife, Respondents.

BRESLAUER, Executrix, Appellant, vs. STERNBERG, Administrator, Respondent.

BRESLAUER, Executrix, Appellant, vs. STERNBERG, Respondent.

*December 11, 1931—January 12, 1932.*

For the appellant there were briefs by *Julius O. Roehl,* and oral argument by *Harry G. Slater,* both of Milwaukee.

*Herman A. Mosher* of Milwaukee, for the respondents Siren.

For the respondent Sternberg, as administrator and individually, there were separate briefs by *Poss, Toelle & Schuler* of Milwaukee, and oral argument by *H. W. Schuler.*

OWEN, J. These are three separate appeals by Eleanor B. Breslauer, as executrix of the last will and testament of Fanny Benesch, deceased, from orders of the county court of Milwaukee county extending the time within which the several respondents might file their respective claims against the estate. Error is assigned for the reason that good cause was not shown to excuse the failure to file the claims within the time limited by the original order for filing claims against the estate.

Prior to the enactment of ch. 174, Laws of 1929, sec. 313.03, Stats., authorized the court to extend the time for filing claims against an estate "for good cause shown." Under that provision this court held that a showing of good cause excusing the delay of the petitioner in filing his or her claim was an essential condition to the extension of the time.

*Will of Bellant,* 197 Wis. 319, 222 N. W. 314; *Estate of Kochanski,* 185 Wis. 234, 201 N. W. 239; *Estate of Beggs,* 195 Wis. 41, 217 N. W. 708. By ch. 174, Laws of 1929, sec. 313.03 was amended to authorize the extension of the time for filing claims against the estate "upon showing satisfactory to the court." There can be little doubt that the amendment was due to the decisions of this court requiring a showing of good cause in order to authorize an extension of the time. By sec. 313.03 the court may limit the time for filing claims anywhere from four months to one year. While it is desirable that estates shall be settled speedily, the requirement in some cases that the claim be filed within four months is a severe limitation. It was rather to justify such a limitation that the court was given power to extend the time for filing claims if the application was made within sixty days from the expiration of the date fixed. The amendment of 1929 indicates a legislative intent that, to secure such extension, the claimant should not be compelled to make a showing amounting to good cause in order to secure an extension of time and, therefore, amended the law requiring only "showing satisfactory to the court." This lodges in the county court a very broad discretion, the exercise of which will not be disturbed by this court except in cases of clear abuse of such discretion. No such abuse of discretion appears with reference to any of the orders appealed from, and, even though the orders be appealable, they will not be disturbed.

We conclude, however, that these orders are not appealable. While under the old practice an appeal lay from any order of the county court to the circuit court, the amendment (ch. 183, Laws of 1919) providing for an appeal to this court from the orders and judgments of county courts in counties having a population of fifteen thousand or over, limited the orders from which an appeal could be taken to this court to such orders as are made appealable by the pro-

visions of sec. 274.33, Stats. *Estate of Beyer,* 185 Wis. 23, 200 N. W. 772; *Will of Hughes,* 187 Wis. 14, 203 N. W. 746. The orders appealed from do not fall within any of the classifications designated appealable orders by the provisions of sec. 274.33.

These orders permit the filing of claims against the estate. They therefore do not prevent a final judgment from which an appeal may be taken. The question of whether the time within which the claims could have been filed was properly extended may be raised upon an appeal from the judgment entered upon such claim. Sec. 274.34, Stats.; *Schlecht v. Anderson,* 202 Wis. 305, 232 N. W. 566; *Milwaukee County v. Milwaukee Western Fuel Co.* 204 Wis. 107, 235 N. W. 545. While the merits were considered by this court in *Will of Bellant,* 197 Wis. 319, 222 N. W. 314, and *Estate of Kochanski,* 185 Wis. 234, 201 N. W. 239, both of which were appeals from orders extending the time within which claims might be filed, the question of whether the orders were appealable was neither raised nor considered. Our attention having been drawn to the appealability of the orders in these cases, we now conclude that such orders are not appealable where they extend the time so that the claim may be filed, which may eventuate in a final judgment from which an appeal may be taken. Of course where the order denies the extension of time, a final judgment is prevented, and in such case an appeal will lie. For the foregoing reasons the appeals should be dismissed.

*By the Court.*—Appeals dismissed.