Banking Commission, Appellant, vs. Flanagan, Respondent.

*December 6, 1939—January 16, 1940.*

For the appellant there was a brief by *Crownhart & Murphy* of Madison, attorneys, and *Jacob H. Beuscher* of Milwaukee and *Roy Wm. Black* of Madison of counsel, and oral argument by *Robert B. L. Murphy* and *Charles H. Crownhart*.

For the respondent there was a brief by *A. E. Flanagan* of Randolph, and *Lueck, Skupniewitz & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck*.

ROSENBERRY, C. J.   Late in October, 1938, the plaintiff instituted a suit against the defendant by service of a summons.   The defendant appeared by serving a notice of retainer.   The notice of retainer was inclosed in an envelope and mailed to the attorneys for the plaintiff with a request that plaintiff's attorney admit service.   In response to this request plaintiff's attorney signed the following admission:

"Due sufficient and personal service of the within notice of retainer admitted this 28th day of October, 1938.

ROBERT B. MURPHY, Attorney for Plaintiff."

On December 21, 1938, plaintiff's attorney mailed to the defendant a copy of the complaint, which was received by the

defendant, and on or about December 23, 1938, returned to the plaintiff's attorney without admission of service as plaintiff's attorney had requested on the ground that the complaint was not served within the twenty-day period following the service of notice of retainer. On January 31, 1939, the plaintiff served a notice that on February 6, 1939, the plaintiff would move the court under sec. 269.45, Stats., for an order enlarging the time within which service of the complaint might be made. There was served with the notice an affidavit of counsel for the plaintiff supporting it. From this affidavit it appears that this action is one of sixty which counsel was instructed to bring against stockholders of the Randolph State Bank to enforce the statutory stock-assessment liability. It sets out the facts in regard to service of summons and notice of retainer, asserts that under the circumstances the notice of retainer was not personally served but was served by mail and so doubled the time in accordance with the provisions of sec. 269.36; that the complaint was therefore due on December 7, 1938; that the facts justifying such extension are the nature of the suits, the difficulty of pleadings, that the complaints were ready for verification before the close of November, 1938, although the dead line for service of the complaint did not occur until between December 7th and December 28th; that plaintiff requested counsel to hold the pleadings not only in these but in other suits for the purpose of enabling the Banking Commission to give detailed consideration of various questions of policy brought to their attention after institution of suit at Randolph and elsewhere; that on the morning of December 21, 1938, the Banking Commission approved service of the complaints and complaints were placed in the mail the same day.

It is further alleged that plaintiff Banking Commission is not bound by the limitation of service of complaints because of the sovereignty of the state; that any technical delay did not exceed eighteen days and the rights of the defendant

were in no wise prejudiced; that the said term of the Columbia county circuit court began on December 5, 1938, and that the next term of said court did not begin until April, 1939; that the suits could not have been noticed for trial sooner than the April term.

A further statement is made as to the reason why the motion to enlarge the time was not brought on shortly after the return of the complaint on December 23d.

The defendant appeared and served a counteraffidavit which contains a large amount of matter not relevant upon the hearing of the motion. It is alleged that liability, if any, of the defendant accrued on December 2, 1932; that no demand for payment was made until July 22, 1938; that no attempt was made to serve the notice of retainer by mail but the same was sent with the request for admission of service; that no request was made for an extension of time and no extension was granted; denied that there was any difficulty in pleading or complicated legal questions involved; alleged that the complaints mailed out on December 21, 1938, were simple and brief and the complaints were prepared on printed forms. Upon the hearing the motion was further supported by an affidavit of counsel for plaintiff in which he stated that he had a conference with A. W. Lueck, one of the counsel for the defendant, and that affiant understood A. W. Lueck to say that he was not in a great hurry to have the complaint served and would not insist that they be so served. There was also an affidavit by F. H. Bixby, a member of the Banking Commission of Wisconsin, in support of the motion. In this affidavit the commissioner sets out the reasons why the actions for the enforcement of statutory liability were not begun sooner, and on the basis of these reasons the commission had instructed counsel not to begin action until the latter part of October; that the complaints were received by the commission the latter part of November, 1938, and were held for conference between members of the commission

and its general and special counsel until December 21, 1938. Affiant continues: .

"Your affiant desires to emphasize that the delay was the fault neither of the commission nor of its special counsel, but was occasioned solely by its desire to discuss certain questions of policy with its counsel and by unforeseen delays in holding such conference. Your affiant asserts that the Banking Commission of Wisconsin, acting as it does as a branch of the state of Wisconsin, has never regarded itself as subject to procedural statutes and that this position has not hitherto been challenged in the experience of your affiant as a member of such commission."

After oral argument the trial court concluded upon the authority of *Johnson v. Retzlaff* (1929), 200 Wis. 1, 227 N. W. 236, and other Wisconsin cases, that good cause had not been shown that there was for that reason no ground upon which the court could exercise its discretion and extend the time and denied the motion by order dated March 4, 1939, and on that day judgment was entered dismissing the action.

On May 2, 1939, counsel for plaintiff served notice of motion to vacate the order dated March 4, 1939, and to vacate the judgment entered pursuant thereto. This motion was brought on for hearing on May 20, 1939. Three witnesses were sworn, Frank H. Bixby, a member of the Banking Commission, Peter A. Cleary, a member of the Banking Commission in 1938, and the defendant. Upon this hearing the details of the work before the Banking Commission were gone into extensively. Mr. Bixby testified that Mr. Cleary had no connection with the actions against the Randolph State Bank. Further testimony of Bixby was to the effect that there had been an attempt to get a test case which had failed; that the commencement of the actions had been delayed for that reason; that members of the commission were very busy, and that the commission was endeavoring to

harmonize its policy with reference to enforcement of claims against this and other banks. While some claim had been made that the commission was not at liberty to make disclosure of certain matters which were confidential, it appears from the testimony of Mr. Bixby that the verification of the complaints would have involved no such disclosure. After argument of counsel and presentation of briefs, the court denied the motion to vacate.

The plaintiff appeals from the order and judgment of March 4, 1939, but does not appeal from the order denying the motion to vacate the order and judgment. The issues upon this appeal as stated by the plaintiff are, (1) whether the trial court abused its discretion in denying the enlargement of time, and (2) whether the statutory time limitation for service of complaints applies to actions brought by the state to enforce double-assessment liability of bank stockholders.

The statute pursuant to the provisions of which the motion is based is sec. 269.45 and is as follows:

"*Enlargement of time.* The court or a judge may, upon notice and good cause shown by affidavit and upon just terms, extend the time within which any act or proceeding in an action or special proceeding must be taken (except the time for appeal) and may do so after the time has expired."

This section was revised by supreme court order effective January 1, 1934. Prior to that time the section provided that before its expiration the time in which any proceeding in an action must be taken might be enlarged upon an *ex parte* showing. After the time had expired, it could only be enlarged upon motion and for good cause shown. The revision did away with the *ex parte* proceeding, and under the section as it now stands both before and after expiration of the time it may be enlarged only upon notice and good cause shown. The revision therefore restricts the power of the court as compared with the statute as it stood prior to January 1, 1934, and makes applicable to the motion to enlarge the time

before expiration the rule applicable to such motions made after the expiration of the time. *Wendlandt v. Hartford Accident & Indemnity Co.* (1936) 222 Wis. 204, 268 N. W. 230.

The term "good cause" appears in sec. 313.03 (1), Stats. 1927, and has been considered in a number of cases arising under that section. In *Will of Bellant* (1928), 197 Wis. 319, 222 N. W. 314, the county court had granted an extension of time in which to file a claim. The claimant alleged that she failed to file her claim before the expiration of the time fixed owing to the fact that she was employed during the day and did not have an opportunity to communicate with counsel. While this court held that the trial court had a wide discretion the extension could not be made as a matter of grace and held that there was nothing in the affidavit upon which the county court could exercise a reasonable discretion. Other cases are referred to in 3 Callaghan's Wis. Dig., Executors and Administrators, p. 2494, § 132. It is well established that the power conferred by sec. 269.45, Stats., is highly discretionary, and the determination of the trial court is not to be disturbed except in cases where it clearly appears that it has been abused. See *Whereatt v. Ellis* (1887), 70 Wis. 207, 35 N. W. 314; *Estate of Kochanski* (1924), 185 Wis. 234, 201 N. W. 239.

The next question presented is this: Due, sufficient, personal service of the notice of retainer and demand having been admitted, was service of the complaint due within twenty days or within forty days? Sec. 269.34, Stats., provides how papers may be served.

"(1) The service of papers may be personal by delivery of a copy," etc.

"(2) Substituted service by leaving at the office of the attorney;

"(3) By leaving a copy at his residence;

"(4) Service may be made by mailing such copy where the person making the service and the person on whom it is made reside in different places between which there is a

communication by mail. The copy of the paper to be served must be properly inclosed in a postpaid wrapper (which may bear the sender's name and address) and must be addressed to the person on whom it is to be served at his proper post-office address, but without any request to the postal officers upon the wrapper for return thereof in case of nondelivery to the person addressed."

In this case it is alleged that the attorneys for the defendant made no attempt to make service under the provisions of sub. (4), but did request that plaintiff's attorney admit service which he did in the manner and form already stated. The question therefore is, What is the effect of the admission?

The only Wisconsin case which we have discovered which is at all applicable, and that only by inference, is *Harris v. Snyder* (1902), 113 Wis. 451, 89 N. W. 660. The question considered in that case was the sufficiency of the proof of service of a notice of appeal and undertaking. The affidavit in that case was that the notice and undertaking were personally served. That was held to be sufficient to show a compliance with sec. 269.34 (1), Stats., that is, service by delivery of a copy, etc., is personal service. If that is true then the admission of due, sufficient "personal" service must have the same effect.

In *Whalen v. Richards* (Pa., 1938), 1 Monroe Legal Rep. 73, 34 Pa. Dist. & Co. Rep. 466, it was held that where defendant's attorney accepts service of defendant's statement of claim, it is immaterial whether he received a copy of the claim or any copy at all and he may not thereafter take exception to the service.

In *Coby v. Ibert* (1893), 6 Misc. 16, 25 N. Y. Supp. 998, 999, affirmed 141 N. Y. 586, 36 N. E. 739, the facts were as follows: The court had ordered dismissal unless within twenty days plaintiff should obtain leave at a special term to amend her complaint. Without leave obtained, plaintiff's

attorney on the twentieth day personally served an amended complaint upon defendant's counsel and the latter admitted "due service of a copy of the within amended complaint." He swore, however, that he gave the admission inadvertently in the hurry of business believing that the paper was an order permitting amendment. Plaintiff's attorney swore that the defendant's attorney had not been misled; that they had conversed on the substantial question in the case and thereafter he served the amended complaint, stating what it was and asking for an admission of service. The court held that in its discretion the trial court properly denied the motion to vacate the admission.

Where an attorney was requested to sign an admission reading "service of within duly admitted" but struck out the word "duly," it was held to be an admission of service by mail and not personal service. *Corning Cut Glass Co. v. Irons* (1909), 64 Misc. 469, 118 N. Y. Supp. 586.

It is considered that there can be no doubt that admission of "due, sufficient and personal service" is an admission of service made pursuant to sub. (1), sec. 269.34, Stats., and is equivalent to an admission that a copy of the paper to be served was personally delivered to the one making the admission. Such has been the uniform practice in this state since the adoption of the code, and we find no instance where the practice has been drawn in question or any doubt raised as to the effect of such an admission. The demand of a copy of the complaint in this case having been served on October 28th, the twenty-day period within which service of the complaint should have been made, expired on November 17th. While it appears from the affidavit that the complaints were placed in the hands of plaintiff commission the latter part of November no action was taken until December 21st, when a copy of the complaint was mailed and presumably received by the defendant on December 22d, thirty-five days after it was due. The commission apparently for reasons of

its own failed to act when requested by its counsel. It seemed to be under the impression that the fact that it was employed in other important matters and the fact that it deemed itself not subject to rules applicable to other litigants, excused it from complicance with the request of its attorney. It appears from the copy of the complaint which is in the file that the pleading was simple and consisted of filling out a printed form. The liability is a statutory one and is alleged substantially in the terms of the statute. If for reasons of policy the commission was hesitant about going forward with the prosecution of the action, it should have moved at a proper time for an enlargement of the time. The commission as a party plaintiff stands before the court as does any other litigant. It is not authorized to make its own rules of court procedure. Under the circumstances of this case it cannot be said that the trial court abused its discretion in refusing to enlarge the time within which the complaint might be served and in entering judgment dismissing the action.

The plaintiff further contends that it is the state for the purpose of suing and being sued and that the prerogatives of a sovereign apply to it. In this case it is considered that this contention of the plaintiff is ruled by *Citizens Savings & T. Co. v. Rogers* (1916), 162 Wis. 216, 155 N. W. 155. In that case the court held that even assuming that the liquidation of the business of a banking corporation under sec. 2022, now sec. 220.08, Stats., is not a proceeding in or under the direction of a court, but is an administrative proceeding carried on by the commissioner of banking, a court may nevertheless entertain jurisdiction of an action against the commissioner (now commission) to recover a debt for which he is legally liable and which he refuses to pay.

While it may be true that in some respects the Banking Commission represents a public interest as opposed to a private interest, it is in effect under the statutes a statutory

receiver and certain of its determinations are expressly made reviewable by the courts.

Sec. 220.02 (1a), Stats., provides:

"The commission shall be known collectively as the 'Banking Commission of Wisconsin' and in that name may sue and be sued. . . ."

The state having expressly authorized suits to be brought by and against the commission, if the prerogatives of the state were in any way involved, and they do not appear to be so, the state has expressly consented that the commission be sued. In the face of this statutory provision arguments based upon cases holding that the statute of limitations and regulatory statutes in the exercise of the police power generally do not apply to the state are beside the point.

Having subjected the Banking Commission to liability to suit, and provided by statute what the procedural steps in an action are, we can see no basis upon which a claim can be made that the Banking Commission is not subject to the rules of procedure the same as any other litigant. It would certainly be an anomalous thing if all the various administrative agencies and boards now exercising some part of the sovereign authority of the state were to be relieved from compliance with procedural rules. Cases involving the activities of administrative agencies are a substantial part of the litigation coming before the courts. Sound public policy would seem to require that they proceed as other litigants are required to proceed. We find nothing in the law to indicate otherwise.

*By the Court.*—The order and judgment are affirmed.