EBERT and wife, Appellants, v. KOHL'S FOOD STORES HOWELL, INC., Respondent.

*No. 192. Argued March 5, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 169.)

248

For the appellants there was a brief by *Ralph H. Schultz,* attorney, and *Henry A. Tessmer* of counsel, both of Milwaukee, and oral argument by *Mr. Tessmer.*

For the respondent there was a brief by *Prosser, Zimmermann, Wiedabach, Koppa & Lane* of Milwaukee, and oral argument by *James W. Lane.*

ROBERT W. HANSEN, J. In clear and unmistakable language, the Wisconsin legislature has provided that, where an action is initiated by service of a summons only ". . . the defendant, in person or by attorney, within the time fixed in s. 262.10 (2), may (NOTE: as was here done) demand in writing a copy of the complaint, specifying a place, embracing a post-office address, within this state where the complaint may be served (NOTE: as was here done) and a copy of the complaint *shall* be served within 20 days thereafter accordingly." (Emphasis supplied.)

The complaint in this case was not served within twenty days after a timely demand therefor. The service of the complaint (on March 7, 1968) was about four months late under the statute. Even the attempted service by mail (on February 26, 1968) was more than three months beyond the time limit fixed by the statute. There is no escaping the conclusion that the statutory requirement as to the complaint following the summons within twenty days of proper demand therefor was not complied with.

Appellants contend that the statute here involved (sec. 262.12 (1) ) is to be read and interpreted in the light of sec. 262.01, providing that "This chapter shall be liberally construed to the end that actions be speedily and finally determined on their merits." Appellants would underline the words "on their merits" urging that dismissal for noncompliance precludes a deciding of the cause upon the merits. This emphasis would make the statute a toothless hound dog, baying but not biting. Compliance with prescribed procedures upon penalty of dismissal for noncompliance is a necessary concomitant of seeking disposition of cases "speedily and finally."

This is not to say that each and every action in which a complaint does not follow a summons within twenty days after timely demand must be dismissed. Sec. 269.45, Stats., authorizes the bringing of a motion by plaintiff for an extension of time for service of the complaint,[1] although such motion is addressed to the sound discretion of the court, and only clear abuse of such discretion would warrant its exercise being disturbed on appeal.[2] For example, where plaintiff establishes that an adverse examination of defendant is required to enable plaintiff to prepare a complaint, the trial court may order such examination and extend the time for service of the

[1] *Banking Comm. v. Flanagan* (1940), 233 Wis. 405, 289 N. W. 647.

[2] *State ex rel. Walling v. Sullivan* (1944), 245 Wis. 180, 13 N. W. 2d 550.

complaint.[3] Since no motion was made to extend the time for service of the complaint, we do not deal here with the clear right of the trial courts to so extend such time for service.

Emphasis is placed in the appeal on the failure to comply with the statute being attributable to a combination of illness of initial trial counsel and inadvertence or oversight on the part of successor counsel who took over the handling of plaintiffs' counsel's practice. This might have provided a basis for a motion to extend the time for serving the complaint. If establishable, such fact situation might have warranted a different ruling by the trial court on the motion to dismiss. However, the affidavit filed with the trial court in opposition to defendant's motion to dismiss limited itself to reciting the date the summons was served, the date the demand for a copy of the complaint was served, and the two dates on which copies of the complaint were served, all ". . . for the purpose of showing that the defendants did receive a copy of the complaint prior to the 5th day of March, 1968, and that they failed and neglected to return the same." These facts or factors do not toll the statute, nor do they give the court cause for exercise of discretion in ruling on the motion to dismiss. Neither the trial court nor this court can rely upon facts outside the record.

It is true that, in its order for judgment, the trial court observed that, ". . . after reading the briefs of counsel, and after hearing the argument of counsel, was of the opinion that the requirements of Section 262.12 (1), . . . are mandatory and not discretionary . . . ." If this is read to mean that under any and all circumstances, the elapsing of twenty days between demand and service of a complaint is fatal to the action, it goes too far. Such interpretation would bar considering a motion to extend the time, at least after the twenty days had come and gone.

---

[3] *Bavarian Soccer Club, Inc. v. Pierson* (1967), 36 Wis. 2d 8, 153 N. W. 2d 1.

However, if this is read to mean that on the record here established, with no motion made for extension of time and no factual basis established for the exercise of judicial discretion, defendant's motion to dismiss was mandatory, not discretionary, there can be no quarrel with the statement. On what was before it, the trial court had no alternative but to dismiss plaintiffs' summons for failure to comply with sec. 262.12 (1), Stats.

With the granting of defendant's motion to dismiss plaintiffs' summons, no action remained before the court to be considered. When the summons was stricken, the demurrer of the defendant went with it. The trial court's additional ruling sustaining defendant's demurrer upon the ground that the action was not commenced within the time limited by law, and its dismissal of the action and complaint upon the merits, must be considered surplusage. As such, these portions of the judgment are stricken and deleted. If a successor action were subject to the affirmative defense that the statute of limitations had expired, there would be no point to its being brought. However, it is the action, not the cause of action, which is dismissable for failure to comply with sec. 262.12 (1), Stats. Granting the motion to dismiss for failure to comply with the statute here involved is without prejudice to the right to institute new proceedings although in a given situation such right to start over may be a roadway blocked by the operation of other statutory provisions.

*By the Court.*—Judgment modified and, as modified, affirmed.