GIESE (James), Appellant, v. GIESE (Ernest) and another, Respondents.

*No. 346. Argued June 5, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 832.)

458

For the appellant there was a brief by *Graunke & Boone* of Wausau, and oral argument by *Clinton A. Boone.*

For the respondents there was a brief by *Crowns, Crowns, Merklein & Midthun* of Wisconsin Rapids, and oral argument by *Robert J. Merklein.*

BEILFUSS, J. From the briefs and arguments of counsel we deem the basic issues to be:

(1) Did the trial court abuse its discretion in denying the motion to enlarge the time to serve the complaint?

(2) Was it prejudicial error to dismiss the complaint upon its merits?

The two principal procedural statutes involved are:

"262.12 **Summons, what must accompany when served.**
(1) PERSONAL JURISDICTION. (a) When personal or
substituted personal service is made upon the defendant
within this state, a copy of the complaint may or may
not be served with the summons at the plaintiff's option.
If a copy of the complaint is not served, the defendant,
in person or by attorney, within the time fixed in
s. 262.10 (2), may demand in writing a copy of the com-
plaint, specifying a place, embracing a post-office ad-
dress, within this state where the complaint may be
served and a copy of the complaint shall be served with-
in 20 days thereafter accordingly."

"269.45 **Enlargement of time.** (1) The court or a
judge may with or without notice, for cause shown by
affidavit and upon just terms and before the time has ex-
pired, extend the time within which any act or proceed-
ing in an action or special proceeding must be taken,
except the time for appeal.

"(2) After the expiration of the specified period or as
extended by any previous order, the court may in its
discretion, for like cause, upon notice, extend the time
where the failure to act was the result of excusable
neglect; except the time for appeal."

The appellant must show an abuse of discretion by the
trial court to enable this court to reverse the denial of the
motion to enlarge the time to serve the complaint.

"It is well established that the power conferred by
sec. 269.45, Stats., is highly discretionary, and the deter-
mination of the trial court is not to be disturbed except
in cases where it clearly appears that it has been abused.
*Banking Comm. v. Flanagan* (1940), 233 Wis. 405, 411,
289 N. W. 647." *Greenfield v. Milwaukee* (1951), 259
Wis. 101, 104, 47 N. W. 2d 291.

The complaint was not served until seventy-eight days
after the twenty day period provided for in sec. 262.12,
Stats., therefore the trial court's action must be sus-
tained unless the plaintiff has shown cause and excus-
able neglect as provided in sec. 269.45 (2).

Excusable neglect is not synonymous with neglect, carelessness or inattentiveness.

" 'Excusable neglect' is that neglect which might have been the act of a reasonably prudent person under the same circumstances." [1]

The affidavit of plaintiff's attorneys in support of his motion to enlarge the time to serve the complaint sets forth the following causes and contends they constitute excusable neglect.

Paragraph six of the plaintiff's attorneys' affidavit is as follows:

"6. That the delay in preparing and serving of the complaint was a result of excusable neglect on behalf of the attorneys for the plaintiff, caused by a press of other legal business, summer vacations, and the fact that the plaintiff herein was not and is not a resident of the county of the attorneys for the plaintiff and further at the time the suit was commenced, the plaintiff was attending a special rehabilitation school in Madison, Wisconsin, which was necessary due to the brain injuries received in the accident, which is the subject of the litigation. This necessitated special arrangements being made to bring the plaintiff to Wausau for the purpose of verifying his complaint."

The "press of other legal business" is, at best, a weak cause of excusable neglect. The mere statement, without a persuasive explanation, cannot constitute excusable neglect for a period of seventy-eight days beyond the statutory time limit.

"Summer vacations" without extraordinary explanation can hardly be an excuse for an extended delay in serving the pleadings or processes needed for the orderly administration of justice.

The fact that plaintiff was receiving medical rehabilitation treatment in Madison so as not to be available in Wausau to verify the complaint for a period of ninety-

[1] 15A *Words and Phrases* (perm. ed.), 225; *Elms v. Elms* (1946), 72 Cal. App. 2d 508, 164 Pac. 2d 936.

eight days from the demand is not a reasonable excuse. It does not appear that the complaint could not have been sent to him and, if the plaintiff was in fact unable to verify the complaint, his attorney could have done so for him.[2]

One of plaintiff's attorneys, in his affidavit, also states:

"5. That your affiant, between the dates of the service of the summons on the defendants and the date of the service of the complaint on the attorney for the defendants, had personal conversations with the attorney for the defendants concerning the service of a complaint and it was your affiant's understanding that additional time for service of the complaint was given by the attorney for the defendants and was never given to understand that 'time was of the essence', until after the complaint was forwarded to the attorney for the defendants and he then advised that he would have to bring motion to dismiss the complaint."

The trial court, as well as the members of this court, are well aware of the courtesies between members of the bar in the extension of time beyond the statutory limits in procedural matters. This practice is common and is not to be condemned; however, to constitute the basis for excusable neglect there must be an agreement or consent, preferably in writing or at least orally.[3] Without such agreement or consent time limits of procedural statutes would be a nullity. In this instance there is only the statement of plaintiff's counsel that it was their "understanding that additional time for service of the complaint was given by the attorney for the defendants." There is not an allegation that an extension was agreed to or consented to, nor for what period of time. Defendants' attorneys deny an extension was given and certainly not for seventy-eight days beyond

---

[2] *See* sec. 263.25, Stats.

[3] *Burnham v. Smith* (1860), 11 Wis. 269 (* 258).

the statutory limit. The delay was not for a day or two but for a period almost four times as long as the statutory period. A trial court's discretion in the enlargement of statutory time limits cannot be predicated upon judicial grace but must rest upon cause and excusable neglect.[4]

The plaintiff contends that the defendants waived the timely service of the complaint by signing the admission of service card. The defendants' attorneys struck out the word "due" before the word "service" as it appeared upon the form. This written admission of service was only admission that the complaint was served (as it might have been by an officer or other individual), and not a waiver of the plaintiff's failure to comply with the time limits of the statute.

The plaintiff also argues that the defendants waived any right they had to object to the service by failing to move to dismiss until May of 1968.

As to both of these contentions, the trial court stated:

"Plaintiff sets forth itemized grounds upon which it contends the court should find cause for excusable neglect. The defendants admitted service of the complaint on 25 October, 1967, and it appears that plaintiff contends, apparently, that such admission of service constitutes a waiver of default. The difficulty with such contention is that default had been fixed long before and extension must be based on excusable neglect of the plaintiff. Admission of service cannot by any construction be construed as excusable neglect on the part of the plaintiff.

"Defendants failed to attack timeliness until 28 May, 1968. Again how can this constitute excusable neglect? The duty of complying rested on the plaintiff and if there was failure then the only way to get an extension was to establish excusable neglect which must be based on cause. There must be excusable grounds for the plaintiff not acting timely. What the defendant does or does

[4] *Johnson v. Retzlaff* (1929), 200 Wis. 1, 227 N. W. 236; *Banking Comm. v. Flanagan, supra.*

not do except by stipulation cannot be grounds for plaintiff's failure."

We are of the opinion that plaintiff has not shown excusable neglect and that the trial court did not abuse its discretion in denying the motion to enlarge the time to serve the complaint.

The plaintiff also contends it was error to order the complaint to be dismissed upon its merits. Ordinarily a dismissal because of untimely service of a complaint should be without prejudice to the right of the plaintiff to start his action again. However, in this case we are not convinced it was error and we are convinced it was not prejudicial error.

The complaint upon its face fixes the date of the personal injury as July 4, 1964. The affidavit of the defendants, in support of their motion to dismiss the complaint upon its merits, specifically referred to sec. 893.205, Stats., the three-year limitation for the commencement of personal injury actions, and stated "the plaintiff no longer has a cause of action against said defendants." Clearly the statute of limitations has run and there is no question but that the defendants rely upon the statute. No useful purpose would be served to dismiss this action without prejudice in view of the available absolute defense set forth by the defendants.

*By the Court.*—Judgment affirmed.