Menard and wife, Respondents, v. Jiffy Self-Service Dry Cleaning, Inc., and others, Appellants.*

*No. 91. Argued February 3, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 493.)

* Motion for rehearing denied, with costs, on April 28, 1970.

For the appellants there was a brief by *Prosser, Zimmermann, Wiedabach, Koppa & Lane,* attorneys, and *James W. Lane* of counsel, all of Milwaukee, and oral argument by *James W. Lane.*

For the respondents there was a brief and oral argument by *Walter J. Steininger* of Milwaukee.

CONNOR T. HANSEN, J. This appeal arises because of plaintiffs' failure to file a complaint within twenty days of defendants' demand in accordance with sec. 262.12 (1), Stats.[1] The sequence of events related to this omission are as follows:

Plaintiff, LaRae Menard, is alleged to have sustained personal injuries on December 7, 1965, while on defendants' premises. On November 18, 1968, plaintiffs' attorney served on defendants a summons, together with a notice of discovery of one of the defendants, but no complaint. On December 6, 1968, the statute of limitations ran on plaintiffs' cause of action, and also on that day defendants' attorneys served on plaintiffs' counsel a notice of retainer and demand for copy of the complaint within twenty days.

[1] "262.12 Summons, what must accompany when served. (1) PERSONAL JURISDICTION. (a) When personal or substituted personal service is made upon the defendant within this state, a copy of the complaint may or may not be served with the summons at the plaintiff's option. If a copy of the complaint is not served, the defendant, in person or by attorney, within the time fixed in s. 262.10 (2), may demand in writing a copy of the complaint, specifying a place, embracing a post-office address, within this state where the complaint may be served and a copy of the complaint shall be served within 20 days thereafter accordingly."

On January 2, 1969, defendants moved to dismiss the plaintiffs' action for failure to serve a complaint within twenty days of demand. This motion was heard by the circuit court on February 3, 1969, but the case was adjourned to April 7, 1969, pending the decision in *Ebert v. Kohl's Food Stores* (1969), 42 Wis. 2d 247, 166 N. W. 2d 169, which was decided April 1, 1969.

Defendants' motion to dismiss was again before the circuit court on April 7, 1969. At that time the court stated there was no motion before it from plaintiffs and granted defendants' motion to dismiss. Judgment was entered accordingly on April 16, 1969. On May 1, 1969, plaintiffs served on defendants their affidavits and order to show cause vacating the April 16, 1969 judgment and allowing an extension of time in which to serve their complaint. On May 5, 1969, these motions were heard by the circuit court and granted. The formal order was entered May 26, 1969, and it is from this order defendants have appealed.

In *Ebert v. Kohl's Food Stores, supra,* pages 250, 251, this court held that sec. 262.12 (1), Stats., is not mandatory:

"This is not to say that each and every action in which a complaint does not follow a summons within twenty days after timely demand must be dismissed. Sec. 269.45, Stats., authorizes the bringing of a motion by plaintiff for an extension of time for service of the complaint, although such motion is addressed to the sound discretion of the court, and only clear abuse of such discretion would warrant its exercise being disturbed on appeal.

. . .

"It is true that, in its order for judgment, the trial court observed that, '. . . after reading the briefs of counsel, and after hearing the argument of counsel, was of the opinion that the requirements of Section 262.12 (1), . . . are mandatory and not discretionary. . . .' If this is read to mean that under any and all circumstances, the elapsing of twenty days between demand

and service of a complaint is fatal to the action, it goes too far. Such interpretation would bar considering a motion to extend the time, at least after the twenty days had come and gone. . . ."

On April 7, 1969, when plaintiffs' action was dismissed, the circuit court had no motions before it from plaintiffs and concluded, on the basis of *Ebert* that defendants' motion to dismiss was mandatory. Plaintiffs do not now contend that this decision by the circuit court was incorrect.

The initial question raised by defendants is whether the circuit court had jurisdiction to entertain plaintiffs' motion to vacate a judgment once that judgment was entered on April 16, 1969. Defendants argue that with the granting of defendants' motion to dismiss plaintiffs' action, nothing remained before the circuit court to be considered and plaintiffs' remedy was an appeal from that judgment.[2] However, while the action may have been dismissed, it does not follow that the circuit court lost jurisdiction to reconsider its judgment. Sec. 269.46 (3), Stats.,[3] specifically confers upon courts the jurisdiction and authority to review judgments and court orders within sixty days from the service of notice of entry. See *Barrock v. Barrock* (1950), 257 Wis. 565, 44 N. W. 2d 527; *Guptill v. Roemer* (1955), 269 Wis. 12,

---

[2] Defendants have also cited *Mosing v. Hagen* (1967), 33 Wis. 2d 636, 148 N. W. 2d 93, and *Fehrenbach v. Fehrenbach* (1969), 42 Wis. 2d 410, 167 N. W. 2d 218, claiming that the summons, though previously served, was void after judgment was entered April 16, 1969. However, these two cases deal with the impact of sec. 262.13 (3), Stats., which renders an action "void, as if never made" when the summons is not filed and the clerk's fee and suit tax are not paid within one year. No such statute is involved in this case.

[3] "296.46 **Relief from judgments, orders and stipulations; review of judgments and orders.** . . . .

"(3) All judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof."

68 N. W. 2d 579, 69 N. W. 2d 571. In granting defendants' motion on April 7, 1969, the circuit court was relying upon sec. 269.46, and anticipated plaintiffs' subsequent motion to extend time in which to serve the complaint.

*"The Court:* . . . The court under the decision in *Ebert* and in the *Banking Commission v. Flanagan* has no alternative but to dismiss the complaint as the record now stands. Mr. Steininger comes before the court this morning and says that at the time of the hearing on the motion that Mr. Lane informed the court of the pending appeal in *Ebert v. Kohl's Stores,* that he had had at that time prepared a motion with an affidavit supporting the motion to extend the time to file the complaint. These papers he now says he wishes to present to the court. The court at this time is making no ruling on it, just making a note in the record that that request or information was in his file at that time. He today asks for a time to file those motions. That isn't before me right now. I will wait until that comes before the court to make my ruling on it."

*"The Court:* Mr. Steininger, I am not preventing you from serving some kind of papers on Mr. Lane, if you present this thing to the court, I will make a judgment on whether you have a right to be in court.

*"Mr. Steininger:* I recognize that, Judge, but I am saying rather than decide Lane's motion today, you should wait until I bring my motion and decide both at the same time.

*"The Court:* You bring it within the term. I have a right to set aside this order that I have made today if you bring it within the term."

At the proceedings on May 5, 1969, the court stated:

*"[The Court:]* Section 269.46 of the Wis. Stats., concerns itself with relief from judgments. . . . Subsection three concerns the court's jurisdiction of its own orders in which a court may review at anytime within 60 days from the service of notice of entry thereof, but not later than sixty days after the end of the term thereof, all judgments. So the court has jurisdiction of its orders within a term."

The circuit court had the authority and jurisdiction to review its prior judgment and grant an enlargement of time to file a complaint under sec. 269.45 (2), Stats.:

"(2) After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

Defendants claim that plaintiffs' delay in filing any motion for extensions of time until May 5, 1969—more than four months after the statutory twenty days had expired—resulted in plaintiffs failing to file a timely motion under sec. 269.45 (2), Stats., and therefore such a motion cannot be granted. While plaintiffs' motion was late, the delay was caused in part by the adjournment on February 3, 1969, to await the *Ebert* decision, and plaintiffs contended throughout that their motion for an extension of time was ready from that day forward. In any event, delay alone is not sufficient to warrant rejection of plaintiffs' motion but is a factor to be considered by this court in determining whether the neglect is excusable under sec. 269.45 (2):

". . . . In passing on the question of whether a court abuses its discretion in granting an enlargement of time under sec. 269.45, Stats., prompt action by a defaulting party to remedy the situation caused by his neglect is a material factor to be considered in determining whether such neglect is 'excusable' within the meaning of sec. 269.45. *Cruis Along Boats, Inc., v. Standard Steel Products Mfg. Co.* (1964), 22 Wis. (2d) 403, 410, 126 N. W. (2d) 85, and cases therein cited. See also *Daugherty v. Herte* (1946), 249 Wis. 543, 549, 550, 25 N. W. (2d) 437." *Bornemann v. New Berlin* (1965), 27 Wis. 2d 102, 107, 133 N. W. 2d 328.

Plaintiffs' counsel in his affidavit filed with the circuit court on May 5, 1969, set forth the following cause for delay and contends it constitutes excusable neglect:

"Affiant admits that a demand for a copy of the complaint was served in this matter and no complaint was served within twenty days; alleges the reason therefor to be simply because prior to starting suit, affiant herein was negotiating with regard to settlement of this claim with the loss superintendent of the Home Insurance Company, the insurer of the defendants; that during such negotiation affiant herein pointed out to said loss superintendent, Mr. Harold J. Lacey, that the statute of limitations would soon run on said claim and that affiant felt compelled to institute suit for the protection of the rights of his client and it was understood and agreed that in spite of suit being instituted that affiant and Mr. Lacey would continue to discuss settlement and that no further legal proceedings aside from the adverse examination by affiant of the defendants would be necessary pending the results of settlement negotiations; that in reliance thereon, affiant did not serve the complaint within the twenty day period and at no time was affiant advised by the attorneys for the defendant or Mr. Lacey that any importance was attached to service of the complaint or that said complaint must be served aside from the formal written demand therefor."

Counsel claims he was lulled into a false sense of security because of the agreement with Lacey, and contends the demand for service of the complaint was insufficient to negate the prior agreement or alert him to the importance defendants had attached to the complaint being filed. Nevertheless, defendants' demand for a complaint should have resulted in some kind of response from plaintiffs, and had the trial court determined that plaintiffs' affidavit failed to establish excusable neglect, we would have little difficulty affirming such a decision. However, the circuit court allowed an extension of time pursuant to sec. 269.45, Stats., and rarely will this court interfere with such a determination.

"It is well established that the power conferred by sec. 269.45, Stats., is highly discretionary, and the determination of the trial court is not to be disturbed except in cases where it clearly appears that it has been abused. *Banking Comm. v. Flanagan* (1940), 233 Wis.

405, 411, 289 N. W. 647." *Greenfield v. Milwaukee* (1951), 259 Wis. 101, 104, 47 N. W. 2d 291.

"Since the adoption of the 1950 amendment we have upheld the exercise of discretion by the trial court in granting an extension of the time for service of the bill of exceptions after the time has expired. In *Valentine v. Patrick Warren Construction Co.* (1953), 263 Wis. 143, 56 N. W. (2d) 860, we held, at page 170:

" 'In this instance, Warren knew long before March 31, 1952, the reasons why it was unable to serve a bill of exceptions sooner. *If this court were passing on the question originally, and not in review, we would have denied the application for extension because of Warren's long delay in applying for the order extending time. However, the order granting the extension is a discretionary one, and we cannot hold as a matter of law that the trial court abused its discretion in granting the order.*' (Emphasis supplied.)

"In a later case, *Andraski v. Gormley* (1958), 3 Wis. (2d) 149, 87 N. W. (2d) 818, the court held, at page 155:

" 'As to the extension of time for serving the bill of exceptions the defendants contend that sec. 269.45, Stats., requires a showing of cause and excusable neglect in order for the court to make an extension. The basis of the application for extension was the serious illness of a brother of the attorneys for the plaintiff. They contend that this was an insufficient cause and was not a proper ground for a finding of excusable neglect. This matter was within the discretion of the trial court and we find no abuse of discretion.' " *Hernke v. Northern Ins. Co.* (1963), 19 Wis. 2d 189, 193, 120 N. W. 2d 123.

Defendants claim this case is similar to *Giese v. Giese* (1969), 43 Wis. 2d 456, 168 N. W. 2d 832, wherein the trial court held that no excusable neglect had been shown. However, the discretion of the trial court was upheld in that case. In addition, the affiant in *Giese* claimed only an "understanding" that additional time would be allowed to serve a complaint—no agreement was alleged as in the case now before this court.

"[H]owever, to constitute the basis for excusable neglect there must be an agreement or consent, preferably

in writing or at least orally. Without such agreement or consent time limits of procedural statutes would be a nullity. In this instance there is only the statement of plaintiff's counsel that it was their 'understanding that additional time for service of the complaint was given by the attorney for the defendants.' There is not an allegation that an extension was agreed to or consented to, nor for what period of time. . . ." *Giese v. Giese, supra,* page 462.

Defendant also cited *O'Hare v. Fink* (1948), 254 Wis. 65, 35 N. W. 2d 320. Again, however, no agreement was alleged in the affidavits in that case, only that negotiations for settlement had taken place.

Therefore, under the facts of this case, we cannot hold as a matter of law that the trial court abused its discretion in granting the order.

*By the Court.*—Order affirmed.