ESTATE OF SCHULTZ: SCHULTZ and another, Appellants,
v. MOLEPSKE, Executor, and another, Respondents.

*No. 258. Argued January 4, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 655.)

644

For the appellants there was a brief by *John J. Haka* of Stevens Point, and by *Genrich, Terwilliger, Wakeen, Piehler & Conway* of Wausau, attorneys, and *Richard C. Doersch* of Wausau of counsel, and oral argument by *Mr. Doersch.*

For the respondents there was a brief by *Bablitch & Molepske* of Stevens Point, for Louis C. Molepske, and by *Norman L. Wanta* of Stevens Point, for Frank Simcakowski, attorneys, and *James M. Bablitch* of counsel, and oral argument by *James M. Bablitch.*

HANLEY, J. Three issues are raised on this appeal:

(1) Was it error to admit Frances' will to probate;

(2) Should letters testamentary have been granted to appellants rather than to respondent Molepske; and

(3) Does the probate court have jurisdiction to grant the relief sought by appellants?

### Admission of will.

Appellants' first contention is that the joint will should have been admitted to probate, rather than the later will of Frances. We do not agree with this contention. The case of *Doyle v. Fischer* (1924), 183 Wis. 599, 198 N. W. 763, settled the proposition that two persons may enter into an agreement to make joint, mutual and reciprocal wills disposing of their separate estates according to some mutually agreeable plan, and that the agreement becomes binding when partially executed. This doctrine was explained in *Estate of Chayka* (1970), 47 Wis. 2d 102, 176 N. W. 2d 561, as follows:

"Where two parties contract to make a joint, mutual and reciprocal will, each pledges to the other that he will execute a mutually agreeable will, and will have that will in full force and effect at the time of death. The parties may express such contract in a separate document, state in the joint will that it is a contract, or the fact of contract may be conclusively presumed from the fact of the joint will being executed. Such contract becomes partially executed upon the death of one of the parties to the agreement and the acceptance by the survivor of properties devised or bequeathed under the will and pursuant to the agreement to make such joint will. At this point the contract becomes irrevocable, the survivor having received the consideration promised." *Estate of Chayka, supra,* at page 106.

However, the existence of an irrevocable contract governing the disposition of an estate does not affect the right to make or change a will, as stated in *Doyle v. Fischer, supra,* at page 606:

". . . It should be borne in mind that it is the contract and not the will that is irrevocable. The authorities generally hold that the will may be revoked, but the contract stands and will be enforced by equity if it be a valid contract and such enforcement is necessary for the prevention of fraud."

We conclude that it was proper to admit Frances' will to probate. Appellants' remedy is to commence an action in equity to enforce the contract rather than to challenge the later will which expressly revoked the joint will.

### Granting letters testamentary.

Appellants contend that by virtue of the joint will, which became irrevocably binding upon the death of Leo and the acceptance by Frances of the properties devised and bequeathed under the will, they are entitled to have letters testamentary granted to them. In essence, they are seeking specific performance of that part of the contractual will which appointed them executors of the estate. On the present record, however, we think that the trial court did not err in granting letters testamentary to respondent rather than to appellants. The joint will was never offered into evidence or filed with the probate court. Copies of what purport to be the joint will are attached to the briefs submitted to the trial court, but there has never been a judicial determination that this was the will of Leo Schultz or that it was in full force and effect at the time of his death. The bare assertion of the existence of a contractual will is insufficient to entitle appellants to have letters testamentary issued to them by the probate court or to have this court review the order granting letters testamentary to the respondent, since neither the trial court nor this court can rely upon facts outside the record. *Ebert v. Kohl's Food Stores* (1969), 42 Wis. 2d 247, 166 N. W. 2d 169. Obviously, appellants are not entitled to specific performance of a

contract until they have proven the existence of the contract in the first instance.

### Jurisdiction of probate court.

It is apparent that appellants will have to institute further proceedings to determine whether they are entitled to specific performance, damages, or some other form of equitable relief. Respondents raise the question of whether the county probate court has jurisdiction to determine such equitable matters. The jurisdiction of probate courts is set forth in sec. 253.10, Stats., as amended by chs. 283 and 339, Laws of 1969. The pertinent portions of that statute read as follows:

"(1) The jurisdiction of the county court extends to the probate of wills and granting letters testamentary and of administration of the estates of all persons deceased who at the time of their decease were domiciled in the county . . . to all matters relating to the settlement of the estates of such deceased persons . . . .

"(2) (a) The county court shall have concurrent jurisdiction to hear, try and determine all matters and controversies which may arise between any personal representative or guardian appointed by such court or trustee under any will admitted to probate in such court and any other person relating to title to or interest in real and personal property so far as such matter or controversy is incidental to and necessary for the complete administration of the estate, . . . to the same extent and with like effect as such matters and controversies may be heard, tried and determined in courts of general jurisdiction."

It is apparent that the instant case involves, at the very least, the "granting [of] letters testamentary and of administration of the [estate]" of Frances Schultz. In addition, the determination of whether appellants are entitled to relief and of the nature of that relief is undoubtedly included in the probate court's jurisdiction over

"all matters relating to the settlement of the estates of such deceased persons."

Finally, jurisdiction is conferred upon the probate court in this matter under sub. (2) of sec. 253.10, Stats., inasmuch as this controversy is between the personal representatives of the estate and the appellants, who may be entitled to some "interest in real and personal property" of the estate in terms of a claim for damages, which claim is "incidental to and necessary for the complete administration of the estate."

This court, interpreting a forerunner of the present sec. 253.10, Stats., recognized the equity jurisdiction of the probate court. In *Brook v. Chappell* (1874), 34 Wis. 405, an action by the beneficiaries of a nuncupative will to recover bequests which the testator had directed his administrator to pay, it was stated, at pages 411, 412 and 413:

"Of the power of the county court in probate to grant the relief here spoken of, this court feels entirely confident. It has all the jurisdiction, both legal and equitable, unless expressly reserved, necessary to the due administration of the estates of deceased persons and to the performance of all acts required in the course of such administration, including the probate of wills and the giving effect to the intention of testators, whenever such intentions may be effectuated by the powers and processes possessed and used by any court of justice. It may grant equitable relief or enforce a trust in a case of this nature, the same as a court of equity; and although the jurisdiction of a court of equity still exists, it does not oust that of the county court in a proper case. The doctrine of equitable estoppel may be recognized, and its principles enforced, as well by the county court as by the court of chancery, the jurisdiction of the latter being concurrent, merely, in any matter pertaining to the settlement of the estates of deceased persons. And it is immaterial, also, that the petitioners, or parties seeking redress in the probate court, may have their remedy by action in a court of law as well. . . . The jurisdiction of the county court is declared by sections 5 and 6 of chapter 117, R. S., . . . Section five confers power to take the

probate of wills, and to grant letters testamentary and of administration on the estate of all persons deceased, residents or inhabitants of the county at the time of their decease, or dying without the state and leaving any estate within the county to be administered, and to appoint guardians to minors and others in the cases prescribed by law. The powers thus given respecting the taking of the probate of wills and granting of letters testamentary and of administration are exclusive, and have always been so held. Section six enacts: 'The judge of the county court shall have jurisdiction of *all matters pertaining to the settlement of the estate of such deceased persons,* and of such minors and others under guardianship.' The jurisdiction here conferred is coextensive with that possessed by any court of equity or of law in a case of this description, which clearly relates to the settlement and distribution of the estate of the testator. . . ."

We conclude that the jurisdiction of the probate court to hear this matter is clearly established. The jurisdiction is concurrent, and appellants may resort to that court for whatever relief may be appropriate.

*By the Court.*—Order affirmed.