HYSLOP, Appellant, v. MAXWELL, Respondent.

*No. 306. Argued November 1, 1974.—Decided November 26, 1974.*
(Also reported in 223 N. W. 2d 516.)

For the appellant there was a brief by *Doar, Drill, Norman & Bakke,* and oral argument by *Thomas D. Bell,* all of New Richmond.

For the respondent there was a brief by *W. Dale Phillips* and *Phillips & Gambrell,* all of Milwaukee, and oral argument by *W. Dale Phillips.*

BEILFUSS, J. Counsel for the plaintiff-appellant basically raises two questions: (1) Whether the reasons

asserted for the delay in preparing and serving the complaint constitute excusable neglect under sec. 269.45 (2), Stats.,[1] as to entitle the plaintiff to an extension of time; and (2) whether the trial court could rely on a failure to revive the action after the death of the plaintiff.

From the complaint it appears that on December 23, 1969, a radical mastectomy was performed on the plaintiff, Mrs. Hyslop, to treat a malignancy in her right breast. Dr. John W. Maxwell, Jr., was the surgeon in charge of the operation. After the operation, hospital personnel noted that Mrs. Hyslop's right arm was cold and clammy. An operation on December 25, 1969, failed to restore the proper circulation to the arm and it was amputated between the elbow and shoulder on December 27, 1969. In the complaint, Mrs. Hyslop alleged that negligence on the part of Dr. Maxwell, Jr., during the operation caused the condition in her arm which required its amputation.

Chronologically the following transpired:

On December 9, 1971, a summons and a notice of a deposition of Mrs. Hyslop were served on Dr. Maxwell, Jr. The same papers were served on Dr. Maxwell, Sr., the next day.

Because Mrs. Hyslop was in ill health, her deposition was taken on December 21, 1971. Counsel for the defendant appeared at this deposition.

Mrs. Hyslop died on January 24, 1972, of unrelated causes.

On January 27, 1972, a notice of retainer and a demand for a copy of the complaint were served on plaintiff's counsel on behalf of John W. Maxwell, Jr.

On October 10, 1972, the trial judge wrote to the plaintiff's attorney informing him that only a summons was

---

[1] "After the expiration of the specified period or as extended by any previous order, the court may in its discretion, for like cause, upon notice, extend the time where the failure to act was the result of excusable neglect; except the time for appeal."

in the court file. He advised the plaintiff's attorney to take default judgment or the matter would be dismissed on November 10, 1972.

In a letter to the trial judge on November 7, 1972, the plaintiff's attorney said that he had difficulty in scheduling a discovery deposition of the defendant and that he expected to file a complaint soon and that he would not move for a default judgment. He requested that the matter be removed from the dismissal calendar for November 10th.

The trial judge again wrote to the plaintiff's attorney on November 22, 1972. He noted that Mrs. Hyslop was dead and said "the statutes are clear that there must be a revival of this action if it is to persist." He also noted that the demand for a complaint was served January 27, 1972; he adjourned the matter until December 29, 1972, and advised he would dismiss the action at that time if a complaint had not been filed. The trial judge stated: "This serves as your notice that I will dismiss this action on December 29, 1972."

The complaint was filed in circuit court on December 29, 1972, and received by the attorney for Maxwell, Jr., on January 5, 1973. The trial judge did not dismiss the action on December 29th.

On January 16, 1973, the attorney for Maxwell, Jr., served on the plaintiff's attorney notice that on February 5, 1973, he would move for an order dismissing plaintiff's summons. In an affidavit accompanying the notice of motion, it was made clear that the motion for dismissal was based on the plaintiff's delay in filing and serving the complaint and the plaintiff's failure to ask the court for an extension of time in which to serve the complaint. At the hearing the attorney said the motion was addressed primarily to sec. 269.45, Stats., and the fact the defendant had made a demand for a complaint.

The hearing was held on February 5, 1973, and on February 26th the trial judge ordered the action dis-

missed as it pertained to John W. Maxwell, Jr. In the order, he noted that Maxwell's motion for dismissal had been based on the plaintiff's delay in serving the complaint after demand had been made.

On March 2, 1973, the plaintiff's counsel filed a motion asking the court to reconsider its February 26, 1973, order dismissing the action. The motion was accompanied by two affidavits: In the first the secretary for the plaintiff's attorney attempted to explain why the complaint was served late; and in the second an attorney involved in the probate of Mrs. Hyslop's estate attempted to explain why the action had not been revived.

A hearing on the motion to reconsider was held on March 19, 1973, and on April 6, 1973, the trial judge ordered the motion be denied.

On April 2, 1973, in the county court of Sawyer county, Alvin Madson was appointed special administrator for Mrs. Hyslop's estate. On April 6, 1973, Madson filed in circuit court for Milwaukee county a petition for the revival of the action in behalf of Mrs. Hyslop's estate.

The plaintiff appealed from the February 26, 1973, order dismissing the action against John W. Maxwell, Jr.; the April 6, 1973, order denying plaintiff's motion to reconsider the first order; and the June 1, 1973, order dismissing the action against John W. Maxwell, Sr., and denying the petition to revive.

On December 10, 1973, upon the stipulation of the parties, this court dismissed the appeal as to John W. Maxwell, Sr.

At the February 5, 1973, hearing on the motion to dismiss, the trial judge set forth his reasons for granting the motion. He stated that he felt bound under *Giese v. Giese* (1969), 43 Wis. 2d 456, 168 N. W. 2d 832, to grant the motion because the complaint was not served until eleven months after the demand was made. As an additional basis, he cited the fact that the action had not been

revived. He pointed out that on November 22, 1972, the plaintiff's attorney was notified that he had to seek revivorship of the action. After discussing the problem of reviving the action, the judge concluded:

"In any event the *Giese* case controls. The Supreme Court said four months was too long. This is over ten months, probably 11 months. And, the motion of the petitioner here is well taken and I will grant no costs."

On appeal, the plaintiff has challenged both bases for the trial judge's decision. As for the delay in serving the complaint, the plaintiff contends that the delay was occasioned by reasons constituting excusable neglect under sec. 269.45 (2), Stats., so that an extension of time for service of the complaint was warranted. As for revival of the action, the plaintiff points out that the defendant did not ask for dismissal of the action on that ground and argues that under sec. 269.24, Stats.,[2] an action cannot be dismissed for lack of revival except upon application of the adverse party or a person whose interest is affected.

The case relied upon by both parties and the trial court to resolve the issue of timeliness is *Giese v. Giese, supra.* In that case the complaint was not served until seventy-eight days over the twenty-day period provided for in sec. 262.12, Stats.[3] After receiving the complaint, the

---

[2] "Action dismissed if not revived. At any time after the death of the plaintiff the court may, upon notice to such persons as it shall direct and on the application of the adverse party or of a person whose interest is affected, order the action dismissed unless continued by the proper parties within the time therein specified; and unless so continued within such time the same shall stand dismissed."

[3] Sec. 262.12 (1) (a) requires service of the complaint within twenty days after the demand is made for a copy of the complaint. That sub. provides:

"Summons, what must accompany when served. (1) PERSONAL JURISDICTION. (a) When personal or substituted personal service is made upon the defendant within this state, a copy of the com-

defendants moved to dismiss it upon its merits for failure to serve it within twenty days of the demand. The plaintiff moved to deny the motion to dismiss and filed a countermotion to enlarge the time for filing the complaint to the date it was served. The trial court dismissed the complaint on the merits and this court affirmed. We noted the time of the delay in serving the complaint and concluded that the trial court's decision must be sustained unless the plaintiff had shown cause and excusable neglect under sec. 269.45 (2).

This court has often stated that an order granting or refusing to grant an extension of time in which to comply with a procedural requirement will not be reversed unless there is a clear showing of an abuse of discretion.[4]

In the exercise of judicial discretion, the record should reflect that the trial court has considered the relevant factors presented. However, before declaring a trial court has abused its discretion or has not exercised it, we can, and frequently do, review the record *ab initio*.[5]

In defense of the trial court here, it must be noted that the plaintiff never made a motion to extend the time for the serving of the complaint as required by sec. 269.45 (2), Stats. It is doubtful that the trial court could con-

plaint may or may not be served with the summons at the plaintiff's option. If a copy of the complaint is not served, the defendant, in person or by attorney, within the time fixed in s. 262.10 (2), may demand in writing a copy of the complaint, specifying a place, embracing a post-office address, within this state where the complaint may be served and a copy of the complaint shall be served within 20 days thereafter accordingly."

[4] *Wagner v. Springaire Corp.* (1971), 50 Wis. 2d 212, 184 N. W. 2d 88; *Giese v. Giese, supra; Bornemann v. New Berlin* (1965), 27 Wis. 2d 102, 133 N. W. 2d 328; *Greenfield v. Milwaukee* (1951), 259 Wis. 101, 47 N. W. 2d 291.

[5] *McCleary v. State* (1971), 49 Wis. 2d 263, 182 N. W. 2d 512.

sider the reasons for excusable neglect without a motion and notice to the adverse party.[6]

In support of the plaintiff's motion to reconsider, counsel for the plaintiff did file an affidavit of his secretary and of the attorney representing some of the heirs in Mrs. Hyslop's estate. It is argued these affidavits set forth sufficient reasons to constitute excusable neglect. At the first hearing an identical affidavit of the secretary was submitted.

The secretary set forth that she contacted the office of the attorney for Maxwell, Jr., four times in the spring of 1972 to schedule a deposition of Maxwell. She said that each time she suggested alternative dates for a deposition and each time the dates passed without a response. She said that finally in September, 1972, a deposition was scheduled for November 1, 1972, and even then Maxwell, Jr., refused to appear voluntarily and the plaintiff had to subpoena him.

The plaintiff's attorney explained at the February 5, 1973, hearing that the complaint could not be served until the plaintiff learned the partnership status, or lack of it, between the two Maxwells and the depositions were necessary to determine that status.

In an affidavit submitted to the circuit court on March 16, 1973, Maxwell's attorney disagreed with the facts as presented by the secretary. He stated he did not intentionally or unintentionally delay the scheduling of the discovery examination and, in fact, tried to facilitate it.

The defendant Maxwell contends that the responsibility for timely service of the complaint rests with the plaintiff and the actions of the defendant will not excuse late service. As for the deposition, Maxwell argues that the plaintiff could have subpoenaed the defendant anytime under sec. 887.12, Stats., for a deposition. We agree the

---

[6] *See: Banking Comm. v. Flanagan* (1940), 233 Wis. 405, 410, 411, 289 N. W. 647.

plaintiff at anytime could have forced the taking of the deposition by subpoena. Cooperation and agreements between counsel are desirable but a delay of several months is too long.

We conclude that the plaintiff's reasons do not constitute excusable neglect. In *Giese, supra,* the court quoted from the trial court's opinion at pages 463, 464:

" '. . . The duty of complying rested on the plaintiff and if there was failure then the only way to get an extension was to establish excusable neglect which must be based on cause. There must be excusable grounds for the plaintiff not acting timely. What the defendant does or does not do except by stipulation cannot be grounds for plaintiff's failure.' "

In this case the plaintiff provides no excuse for the delay between the demand for the complaint in January, 1972, and the spring, when, according to the secretary, the plaintiff first tried to arrange a deposition with the defendant. There is no evidence that any of the eleven-month delay was occasioned by an agreement or stipulation with the defendant. The reasons for the delay offered by the plaintiff in the secretary's affidavit do not constitute excusable neglect. The plaintiff was not then entitled to an extension of time for the service of the complaint.

The plaintiff offered no excuse for not requesting an extension of time. In *Stryker v. LaPointe* (1971), 52 Wis. 2d 228, 233, 190 N. W. 2d 178, this court stated that excusable neglect within the meaning of sec. 269.45, Stats., referred not only to the late filing of the original document but also to the delay in applying for an extension. We conclude the trial court did not abuse its discretion in dismissing the action.

The plaintiff argues that the trial court erred in relying, as a reason for dismissing the action, on the lack of revival of the action after the death of Mrs. Hyslop.

The plaintiff contends that the revival issue was not properly before the court because the requirements of sec. 269.24, Stats., were not satisfied. That section permits the trial court, upon notice and application of the adverse party, anytime after the death of the plaintiff, to dismiss the action unless it is continued by the proper parties within the time specified by the court. The plaintiff argues that this requires three elements not present in the instant case: One, a motion by the adverse party; two, notice to the plaintiff; and three, a period of time in which to continue the action.

Maxwell responds by arguing that the trial court has the inherent authority, apart from the statute, to dismiss the action sua sponte without waiting for a motion by the adverse party. He also contends that the November 22, 1972, letter from the trial judge to the plaintiff's attorney constituted notice and specified a time within which the action had to be revived.

We need not resolve the revival issue because in our opinion the plaintiff has not sufficiently demonstrated excusable neglect and the orders dismissing the action should be affirmed.

*By the Court.*—Orders affirmed.