GRAVES, and wife, Plaintiffs-Respondents, v. NUTTING TRUCK & CASTER COMPANY, Defendant-Appellant.

*No. 75–73. Argued January 31, 1977.—*
*Decided March 1, 1977.*
(Also reported in 251 N. W. 2d 193.)

For the appellant there were briefs by *Eric J. Wahl, Andrew O. Riteris* and *Michael, Best & Friedrich,* and oral argument by *Benjamin W. Laird,* all of Milwaukee.

For the respondents there was a brief by *Richard A. Heilprin, Heilprin Law Offices, S. C., D. G. Graff* and *Graff and Schrank,* and oral argument by *D. G. Graff,* all of Madison.

BEILFUSS, C. J.   This is a products liability type of personal injury action resulting from an explosion and fire at the Badger Army Ammunition Plant on December 8, 1971. It is alleged that a defective "powder buggy" manufactured by the defendant-appellant Nutting Truck & Caster Company was being used at the time of the explosion and was causally connected with the explosion, fire and injuries.

On November 29, 1974, the plaintiffs-respondents, Leroy Graves and his wife, commenced this action against defendant-appellant Nutting Truck & Caster Company, a Minnesota corporation, by service of the summons on an officer of Nutting in Minnesota. A verified complaint was not served with the summons as required by the

statute then in effect—sec. 262.12(1)(b), Stats. 1973.[1] The summons[2] as served required a demand by the defendant for a copy of the complaint within twenty days.

It is conceded by the plaintiffs-respondents that service of the summons without a copy of the complaint did not comply with sec. 262.12(1)(b), Stats., and, standing alone, was not sufficient to obtain personal jurisdiction over Nutting.

On November 29, 1974, Richard M. Savre, an officer of Nutting, sent a registered letter to the attorney for plaintiffs, which in its entirety read as follows:

"November 29, 1974

"Heilprin Law Office
315 S. Henry Street
P. O. Box 941
Madison, Wisconsin 53701
"Gentlemen:
"A 'Summons' was served upon the company today directing it to serve upon your office a demand for a copy

---

[1] "262.12 *Summons, what must accompany when served.* (1) *Personal Jurisdiction.* (a) When personal or substituted personal service is made upon the defendant within this state, a copy of the complaint may or may not be served with the summons at the plaintiff's option. If a copy of the complaint is not served, the defendant, in person or by attorney, within the time fixed in s. 262.10(2), may demand in writing a copy of the complaint, specifying a place, embracing a post-office address, within this state where the complaint may be served and a copy of the complaint shall be served within 20 days thereafter accordingly.

"(b) When personal service is made without this state upon the defendant, a copy of the verified complaint shall accompany the summons."

This section was repealed and revised in the new Code of Civil Procedure effective January 1, 1976. *See* ch. 801, Stats. 1975.

[2] "THE STATE OF WISCONSIN TO SAID DEFENDANT: "You are hereby summoned and required to serve upon the HEILPRIN LAW OFFICES, S. C., plaintiffs' attorneys, whose address is 315 S. Henry Street, Madison, Wisconsin, a demand for a copy of the Complaint within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and

of a Complaint brought by LeRoy Graves and Donna Graves.

"This letter is in compliance with this 'Summons.'

Yours very truly,
Richard M. Savre
Vice President, Finance"

The attorney for the plaintiffs did not serve a copy of the complaint—rather he called Mr. Savre by telephone on December 17, 1974, and told him he could not respond to the letter as a demand for a complaint and advised him to get an attorney.[3]

On December 18, 1974, Nutting entered a special appearance by its attorneys, reserved its rights to object to personal jurisdiction and asked that a copy of the complaint be served on the attorneys within twenty days from that demand. On January 9, 1975, plaintiffs attempted to serve a verified complaint upon Nutting's attorneys. The attorneys refused to accept service of said complaint. On January 22, 1975, Nutting moved to dismiss because of lack of personal jurisdiction over Nutting. Nutting also moved to dismiss for failure to file a timely complaint; however, that issue is not present in this appeal.

The trial court held that the Savre letter "indicated as clearly as possible that [Nutting] deemed itself actively participating in the case, asking for a copy of the complaint, so that it would not be in default . . . ." It held that this active participation constituted a waiver of the objection to lack of personal jurisdiction.

in case of your failure so to do, judgment will be rendered against you according to the demand of the Complaint.

HEILPRIN LAW OFFICES, S. C.
/s/ Richard A. Heilprin

Richard A. Heilprin
Attorneys for Plaintiffs"

[3] The exact content of the telephone conversation is in dispute.

On March 20, 1975, the court entered an order denying Nutting's motion to dismiss. Nutting appealed from that order.

The trial court noted that this case is almost parallel with the factual situation of *Milwaukee County v. Schmidt, Garden & Erikson,* 35 Wis.2d 33, 150 N.W.2d 354 (1967). In *Schmidt, Garden & Erikson, supra,* the defendants were members of a partnership that had its principal place of business in Illinois. A summons without a complaint was served on one partner in Chicago on March 18, 1965. Other partners were served with a summons by substitution. On the same day one partner "directed a letter by certified mail, return receipt requested, to counsel for the plaintiff. The letter set forth the venue and title of the action, acknowledged service of the summons, and concluded by stating: '. . . we hereby serve upon you a demand for a copy of the complaint.' April 2, 1965, a complaint, verified the same day, was served upon the defendants." *Id.* at 34, 150 N.W.2d at 355. In July, 1966, the partners moved to dismiss the action for lack of personal jurisdiction. The trial court denied the motion and this court affirmed.

In *Schmidt, Garden & Erikson, supra,* we stated that if the defendants had done nothing, the service of the summons would have been totally ineffective. *Id.* at 36, 150 N.W.2d at 355. The defendants did something. One partner sent a letter to plaintiffs' counsel which contained a formal caption indicating venue and title and language such as "we hereby serve upon you a demand for a copy of the complaint." This letter clearly indicated "the defendants deem[ed] themselves active participants in the case." *Id.* at 37, 150 N.W.2d at 356.

The rationale for the *Schmidt, Garden & Erikson* decision was based upon the legislative intent that ch. 262, Stats., "be liberally construed to the end that actions be speedily and finally determined on their merits." *Id.* at 36, 150 N.W.2d at 356.

In this case the language of the letter was not as explicit. It did not contain a caption, the letter merely stated:

"Gentlemen:
"A 'Summons' was served upon the company today directing it to serve upon your office a demand for a copy of a Complaint brought by Leroy Graves and Donna Graves.
"This letter is in compliance with this 'Summons.' "

Does this letter indicate, as did the letter in *Schmidt, Garden & Erikson,* that the defendant deemed itself an active participant in the case? The letter did not specifically state that a demand was being made; however, the first sentence states that a summons was received and that the summons directed Nutting to serve a demand for the complaint upon the plaintiffs' attorneys. The second sentence then said that this letter was in compliance with the summons. We conclude the plain meaning of those sentences is that a demand for the complaint was being made and that Nutting considered it was actively participating in the case.

If some indication of an intent to reserve the jurisdictional question had accompanied Nutting's letter, a finding of waiver of the jurisdictional question would have been precluded.[4]

In *Schmidt, Garden & Erikson,* after the demand for the complaint was made, the plaintiffs served the complaint within twenty days. That was not the case here, but this failure is not controlling. The complaint was served after an extension for service was granted by the trial court. The granting of this extension was within the discretion of the trial court.[5] It was not the plain-

---

[4] *Hasley v. Black, Sivalls & Bryson, Inc.,* 70 Wis.2d 562, 571, 235 N.W.2d 446, 451 (1975).

[5] *Menard v. Jiffy Self-Service Dry Cleaning, Inc.,* 46 Wis.2d 142, 147–48, 174 N.W.2d 493, 496 (1970).

tiffs who conferred jurisdiction upon the court by serving the complaint but rather the defendant by conduct demonstrating it was an active participant in the case. The facts of this case are not sufficiently different to distinguish *Schmidt, Garden & Erikson.*

The rule of *Schmidt, Garden & Erikson* controls and the order denying the motion to dismiss for want of personal jurisdiction must be affirmed.

The parties have argued whether sec. 262.12(1)(b), Stats., is directory or mandatory. As in *Schmidt, Garden & Erikson,* it unnecessary to decide this issue. Although the plaintiffs failed to comply with this statute, Nutting's letter, without reservation of objection, conferred personal jurisdiction upon the court.

*By the Court.*—Order affirmed.