CLARK COUNTY d/b/a Adult Development Service, Plaintiff-Respondent,

v.

B.T.U. STRUCTURES, INC., Defendant-Appellant.†

Court of Appeals

*No. 87–0779. Submitted on briefs February 18, 1988.—Decided March 24, 1988.*

(Also reported in 422 N.W.2d 910.)

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For the defendant-appellant the cause was submitted on the briefs of *Steven P. Anderson* of *Salm & Anderson,* of Thorp.

For the plaintiff-respondent the cause was submitted on the brief of *Darwin L. Zwieg,* district attorney.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.  B.T.U. Structures, Inc. appeals from a default judgment for $9,495.38 in favor of Clark County, d/b/a Adult Development Service. The issues are (1) whether counsel's courtesy agreement extending the time to answer allowed B.T.U. to counterclaim as well; (2) whether a courtesy agreement to extend the time to answer binds the parties if the agreement was made after the defendant is in default; and (3) if the courtesy agreement binds the parties, whether the trial court abuses its discretion by granting a default judgment in the absence of a motion under sec. 801.15(2)(a), Stats., for an order extending the time to serve the answer. We hold that the agreement included the right to counterclaim and

it binds the parties, but because the agreement was entered after defendant had defaulted, the trial court did not abuse its discretion when granting default judgment. We therefore affirm.

To the extent the facts are undisputed, they are as follows: Adult Development Service is an agency of Clark County. The county, through that agency, contracted to produce 19,000 fishing lures for B.T.U. The county brought this action to recover the balance owed on shipments made to B.T.U. and the cost of manufacturing lures not shipped.

On September 17, 1986 the summons and complaint were served on B.T.U. B.T.U. did not serve its answer on the county within the twenty days required by sec. 801.09(2), Stats. On October 14, 1986 the county filed a motion for default judgment. After its motion was filed, the county's attorney orally consented to B.T.U.'s filing an answer. On October 16, 1986 B.T.U. served its answer, pleading various defenses and a counterclaim for $5,000. On November 5, 1986 the county's attorney wrote to B.T.U.'s counsel. He acknowledged his agreement to extend the time to file an answer but stated that because the answer contained a counterclaim, the county would pursue its motion for default judgment.

We assume the intent of counsel's agreement was to extend the time to answer the county's complaint, not to extend the time to file the answer. While an answer must be filed within a reasonable time after service, sec. 801.14(4), Stats., a timely filing could not occur unless the time to serve the answer was extended.

At the motion hearing, the trial court held that the agreement to extend the time to file an answer allows the filing of a responsive pleading, which may

include a counterclaim. The court concluded that the county attorney's agreement might ordinarily prevent him from moving for default judgment. However, because no motion had been made to enlarge the time to file the answer, the court held it had no alternative but to grant a default judgment. The court relied on sec. 801.15(2)(a), Stats., which provides in relevant part:

> When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. ... If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect. The order of enlargement shall recite by its terms or by reference to an affidavit in the record the grounds for granting the motion.

■ B.T.U.'s counterclaim did not violate the courtesy agreement. An unqualified agreement to extend the time to answer includes a counterclaim. Although sec. 802.01(1), Stats., does not prohibit a separate counterclaim denominated as such, a counterclaim may be pleaded by way of an answer. Section 802.01(1), provides,

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under s. 803.05, and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed
> . . . .

■

We conclude that a courtesy agreement to extend the time to answer binds the attorneys, whether made before or after the time to answer has expired. In *Oostburg Bank v. United Savings,* 130 Wis. 2d 4, 386 N.W.2d 53 (1986), a courtesy agreement extending the time to answer was entered before the time had expired. The court enforced the agreement, not as a contract, but because ethical obligations require an attorney to abide by the agreement. *Id.* at 12, 386 N.W.2d at 57. The ethical obligation is not affected by the time the agreement is made.[1]

■

We also conclude that the trial court did not abuse its discretion when granting the default judgment. In *Oostburg,* the agreement was made before the time to answer had expired and the defendant served its answer on the plaintiff within the time allowed by the courtesy agreement. The court held that because no default had occurred, the trial court had abused its discretion in granting a default judgment. 130 Wis. 2d at 17, 386 N.W.2d at 59. Here the agreement was made after the defendant had defaulted.

If a courtesy agreement is entered before the time to answer has expired, an answer served within the agreed time is timely. *Oostburg,* 130 Wis. 2d at 16–17,

---

[1]Judge Sundby would limit the binding effect of "courtesy" agreements to those which extend procedural time limits. He notes that the court in *Oostburg,* 130 Wis. 2d at 13, 386 N.W.2d at 57, "recognize[d] and approve[d] of the widespread use of courtesy agreements by attorneys to *extend procedural* time limits." (Emphasis added.) He suggests that "courtesy" agreements between attorneys to waive time limits which have already expired may be void or may intrude on discretion vested in trial courts.

386 N.W.2d at 59. The agreement constitutes a basis for excusable neglect. *Giese v. Giese,* 43 Wis. 2d 456, 462, 168 N.W.2d 832, 835 (1969). If, however, the agreement is entered after the time to answer has expired, the agreement does not cure a default which has already occurred. The agreement constitutes a basis for excusable neglect only from the time the agreement was entered.

Because the courtesy agreement was made after B.T.U. had already defaulted, the trial court did not abuse its discretion by insisting on compliance with sec. 801.15(2)(a), Stats. Since the motion required by sec. 801.15(2)(a) was not made, and B.T.U. made no effort to show excusable neglect had occurred before the time to answer had expired, the trial court did not err.

*By the Court.*—Judgment affirmed.