Padek and wife, Respondents, vs. Thornton, Appellant.

*February 5—February 28, 1958.*

For the appellant there was a brief and oral argument by *George R. Brawley* of Milwaukee.

For the respondents there were briefs by *Weisfeldt & Berman* of Milwaukee, and oral argument by *Harry J. Weisfeldt* and *Gene A. Berman*.

BROADFOOT, J.  Sec. 269.46, Stats., provides for relief from judgments and orders. Decisions under said section are reviewed briefly in 6 Callaghan's Wisconsin Pleading and Practice (3d ed.), p. 11, sec. 40.11:

"By statute, the court may, 'upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment . . . against him obtained, through his mistake, inadvertence, surprise, or excusable neglect. . . .' This provision applies to all classes of judgments, and is liberally construed. Whether or not relief shall be granted under the statute is to a large extent discretionary, and it is rare that the supreme court will overturn exercise of this discretion by the trial court, although, of course, the decision of the trial court will be overturned if its discretion was

abused. Not only allowance or disallowance of the application rests in the discretion of the court, but also the terms or conditions to be imposed in case of allowance. Costs are usually required to be paid, and the court may require security for payment of the ultimate judgment or quite heavy terms, if the case warrants; but must not be more severe than circumstances warrant.

"The word 'mistake' used in the statute as indicating one ground of application does not apply to a mistake of law. 'Surprise' means warrantable and honest surprise, not mere pretense or surprise due to negligence, or surprise at a ruling of the court that should have been anticipated. 'Excusable' neglect is neglect through being misled or in spite of reasonable precautions or due to circumstances beyond control of the party. It does not include neglect which consists in a total sleeping on one's rights."

The Wisconsin cases supporting the statements therein made are cited in the footnotes thereto. Vol. 31 of West's Wis. Stats. Anno., Title 25, p. 604, under the appropriate section number, contains a digest of many cases determined under that section. We do not find that the word "inadvertence" has been defined in any Wisconsin case. The cases indicate that the phrase "excusable neglect" is taken as embodying the meaning of mistake, inadvertence, and surprise. The inadvertence which will relieve one from a judgment does not mean mere inadvertence in the abstract but it must be excusable and real. It is the burden of one applying for relief from a judgment to show that he comes within the provisions of the statute.

In his affidavit supporting his application to open the judgment and to permit an answer to be filed the only excuse given by the defendant for his failure to answer was that he erroneously believed no answer would be necessary. The record shows that the summons and complaint were served upon the defendant personally. When he appeared by attorney on the application for the appointment of a receiver his attorney indicated that he wished to withdraw from the

matter and the court, according to its memorandum decision, then explained to the defendant what his rights were, advised him to secure other counsel, and granted him an adjournment of two weeks for that purpose. On the adjourned date of the hearing the defendant appeared with other counsel and the court appointed a receiver. Before the receiver qualified the defendant and his attorney entered into the stipulation above referred to. The trial court was careful to make known to the defendant that an independent receiver should be appointed. However, in the face of and contrary to the advice of the trial court the defendant and his various counsel entered into stipulations at variance with that advice. In fact, the stipulation of February 28, 1957, which was embodied in the court order, seemed to contemplate the entry of a default judgment in that the stipulation provided for the period of redemption and that the defendant could occupy one unit of the premises rent free up until that time.

The record indicates that the defendant was advised of the facts and he cannot now claim mistake as a basis for the relief sought. No inadvertence is shown as the defendant retained counsel of his own choosing and apparently followed his attorney's advice. Nor can he claim here any surprise, because he was notified of every step taken in the action and he appeared in person and by counsel. Nor is there any excusable neglect shown. So far as the record shows, the defendant paid nothing down at the time he entered into the land contract. He never paid anything thereon but received some free rent for a matter of some months. There is no claim of any newly discovered evidence or that the facts set out in the proposed answer were not known to the defendant at all times after the service of the summons and complaint upon him.

The relief sought under the statute is addressed to the discretion of the trial court and upon appeal from its order this court will only reverse where there has been a clear abuse

of discretion. Under the circumstances as revealed by the record before us we can find no such abuse of discretion in this case.

*By the Court.*—Order affirmed.