IN MATTER OF ESTATE OF SMITH, Deceased: GRODIN, Petitioner-Appellant, v. SMITH, Personal Representative, Respondent.

*No. 76–201. Submitted on briefs February 8, 1978.—
Decided April 5, 1978.*
(Also reported in 264 N.W.2d 239.)

668

For the appellant the cause was submitted on the brief of *Harold E. Haltner* of Milwaukee.

For the respondent the cause was submitted on the brief of *Gaar W. Steiner* and *Michael, Best & Friedrich* of Milwaukee.

HEFFERNAN, J.   The question presented on this appeal is whether a trial judge, under the provisions of sec. 806.07(1)(h), Stats., has jurisdiction to exercise discretion to vacate findings of fact, conclusions of law, and a judgment previously entered and to substitute therefor, on the basis of the same record, new findings, conclusions, and judgment.

The appeal is from a judgment entered in the course of a probate proceeding.  The facts show that Dorothy W. Smith, the decedent, was the mother of Florence S. Grodin, Geraldine Aaron, and Malcolm N. Smith.

· Following the death of Dorothy Smith, on June 3, 1975, a probate proceeding was commenced.  On December 29, 1975, Florence Grodin petitioned the court to strike certain items of jewelry from the inventory of her mother's estate.  Her claim was that the jewelry had been given to her by her mother, Dorothy Smith, during the mother's lifetime.  The personal representative answered, seeking the dismissal of the petition.  The issue was tried before Judge Sullivan on June 7, 1976.  The record shows that Judge O'Brien had been assigned to hear the case.  On the morning the matter was to be heard, Judge Sullivan, the Chief Judge of the Milwaukee District, was informed that Judge O'Brien, because of illness, was unable to preside.  Judge Sullivan, accordingly, assigned himself to the case shortly before the hearing.

At the conclusion of the hearing, Judge Sullivan immediately rendered an oral decision on the record which granted the petition of Florence Grodin. A written judgment was entered on July 12, 1976. On August 10, 1976, the estate, by the personal representative, petitioned the court to reconsider its decision. A hearing was held on that petition on August 18, 1976. No additional testimony was taken; but, after argument, Judge Sullivan rendered an oral decision which vacated his earlier determination, and he dismissed the petition of Florence Grodin to strike the jewelry items from the inventory. On August 30, 1976, the second judgment was entered, which vacated the judgment entered on July 12, 1976.

The initial question to be determined is whether the documents filed on July 12, 1976, and on August 30, 1976, were judgments. If they were merely orders for judgment, neither would be appealable. Moreover, the rules of procedure relative to the reconsideration of judgments is different from the rules of procedure applicable to orders. We conclude that, from the face of the documents, they were judgments. Each contained the language, "It is Ordered and Adjudged as Follows." Although the final paragraph of each document contained the language, "Let Judgment be Entered Accordingly," such language was mere surplusage, because the documents in themselves constituted judgments.

Accordingly, the judgment of August 30, 1976, is appealable, and the power of the judge to reconsider his original findings must be viewed in the light of the power given by the rules of procedure to a judge for the reconsideration of a judgment.

Because the case was pending on January 1, 1976, under sec. 801.01(3)(b), Stats., secs. 804–807 of the new rules of civil procedure are applicable. The section of the currently applicable rules of civil procedure which

we deem pertinent to this appeal is sec. 806.07. It provides:

"806.07 Relief from judgment or order. (1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:
"  . . . .
"(h) Any other reasons justifying relief from the operation of the judgment.
"(2) The motion shall be made within a reasonable time . . . ."

The trial judge stated that his reason for setting aside the original judgment and entering a new one was that he had been assigned to the case at the last moment and that he felt that he had not given sufficient consideration to the evidence. Upon review of the record, he concluded that he had committed error. Accordingly, he vacated the original judgment.

Unless he abused his discretion in making the determination to set aside the prior judgment, the exercise of that discretion must be upheld.

Whether the judge is to be sustained in his conclusion in respect to the substantive disposition embraced in the second judgment is dependent upon whether his findings of fact were contrary to the great weight and clear preponderance of the evidence.

To understand the effect of the new rules of civil procedure, it is appropriate to put them in the historical perspective of the prior rules. Under the rules which were in effect prior to January 1, 1976, the pertinent statute was sec. 269.46, Stats. That statute provided:

"269.46 Relief from judgments, orders and stipulations; review of judgments and orders. (1) The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judg-

ment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding. In addition to the required affidavits, all motions to vacate a judgment entered upon default or cognovit and to obtain a trial upon the merits shall be accompanied by a proposed verified answer disclosing a defense.

"(2) No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney.

"(3) All judgments and court orders may be reviewed by the court at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof."

It will be noted that subsec. (3) of sec. 269.46, Stats., provided a far broader scope for the review and vacation of findings than that afforded under subsec. (1). Sec. 269.46(1) provided that, at any time within a year, a party, upon motion, could be relieved where there was a showing of mistake, inadvertence, surprise, or excusable neglect. Under sec. 269.46(3), a broader discretionary power was conferred upon the trial court; however, the review by the court could come no later than sixty days after the notice of entry or not later than sixty days after the end of the term of court. *See, Kochel v. Hartford Accident & Indemnity Co.,* 66 Wis.2d 405, 225 N.W. 2d 604 (1975).

In the instant case, the motion to reconsider was filed less than a month after the entry of the original judgment. Accordingly, under the old rules, the motion would have been timely. Sec. 269.46(3), Stats., was a catch-all provision, which enabled the trial judge to correct an error within the sixty-day limitation set forth therein. We deem sec. 806.07(1)(h) in the revised rules to be an

analogous catch-all provision for relief where there are "Any other reasons justifying relief from the operation of the judgment." That relief can only be granted by motion made within a "reasonable" time.

Accordingly, and in light of the statutory history and purpose of the prior rules of civil procedure, we are satisfied that sec. 805.17 (3), Stats.,[1] does not foreclose the right of a judge, in his discretion, to grant relief under sec. 806.07 (1) (h) when reasons justifying relief are apparent to the trial judge.

Because we conclude the trial judge had the power under sec. 806.07 (1) (h), Stats., to give relief from the

---

[1] Sec. 805.17, Stats., provides:

"805.17 Trial to the court. (1) . . . .

"(2) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the ultimate facts and state separately its conclusions of law thereon. The court shall file its findings and conclusions prior to rendering judgment. In granting or refusing interlocutory injunctions the court shall similarly file its written findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. The findings of a referee may be adopted in whole or part as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of ultimate fact and conclusions of law appear therein. If the court directs a party to submit proposed findings and conclusions, the party shall serve the proposed findings and conclusions on all other parties not later than the time of submission to the court. The findings and conclusions or memorandum of decision shall be made as soon as practicable and in no event more than 60 days after the cause has been submitted in final form.

"(3) Amendment. Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial.

"(4) . . . ."

prior judgment, the question posed is whether he abused his discretion. The scope of sec. 806.07(1)(h) is analyzed in Graczyk, *The New Wisconsin Rules of Civil Procedures, Chapters 805–807,* 59 Marq. L. Rev. 671, 727 (1976). Therein, the author stated:

"The former rule limited the number of circumstances under which a motion to vacate a judgment could be sought. The new rule considerably expands this list, while subsection (1)(h) gives the court wide discretion to entertain the motion for other justifiable reasons."

The judge at the time he vacated the judgment and entered the new one carefully stated his reasons therefor. He said that he had failed to give sufficient consideration to several matters of evidence which were placed in the record at the trial on June 7, 1976, and, in addition, stated that, subsequent to the motion to reconsider, he had the opportunity to read the transcript of the evidence and to have the benefit of the briefs and arguments of counsel. In effect, the judge stated that his original findings and conclusions were based upon insufficient consideration of the evidence and of the law, and upon further consideration he concluded that his initial findings were incorrect. These statements, which appear in the record, demonstrate an appropriate exercise of discretion; and, accordingly, the trial judge's decision to vacate the prior judgment will not be set aside.

There remains the additional question of whether the findings of fact made upon reconsideration were contrary to the great weight and clear preponderance of the evidence. A review of the evidence is appropriate.

It is undisputed that the decedent, Dorothy Smith, made a gift of the items of jewelry to her daughter, Florence, in 1968 after the jewelry had been removed by Dorothy Smith from her safe-deposit box. At the same

time, the decedent also made a gift of some jewelry to her other daughter, Geraldine Aaron. Within a day or two of the gift to the two sisters, both of them returned the jewelry to the safe-deposit box, which was listed by the bank in Florence Grodin's name as lessee. Dorothy Smith was listed as the deputy lessee of the box, but it is clear from the record that the safe-deposit box was in fact controlled before and after the gift by Dorothy Smith.

The question posed is what inference could properly be drawn from the act of returning the jewelry to the safe-deposit box. If, by the return of the jewelry to the safe-deposit box, Florence Grodin renounced her mother's gift or if, by so doing, she made a gift back to her mother, then the jewelry was the property of the mother at the time of death and should have been included in the inventory. On the other hand, if, in returning the jewelry to the box, Florence Grodin was merely depositing the jewelry for safekeeping and did not relinquish ownership, then the jewelry remained hers and should not have been included as an asset of the mother's estate.

There was evidence from which either inference could have been drawn. Neither inference was unreasonable, and a finding based upon either of the contradictory inferences would not have been contrary to the great weight and clear preponderance of the evidence.

We accordingly conclude that, had the judge not vacated the original judgment, we would have been obliged to sustain his finding that Florence Grodin retained ownership. However, that judgment was vacated in the exercise of appropriate discretion; and the judgment now before the court on appeal must be sustained, because in support of that judgment the trial judge drew the inference that the return of the jewelry to the box

constituted a re-delivery of the jewelry to the mother and vested title in the mother and eventually in her estate. The drawing of an inference from contradictory facts is a finding of fact which will be sustained on appeal even though the contradictory inference would have been equally sustainable. *In re Estate of Jones,* 74 Wis.2d 607, 613, 247 N.W.2d 168 (1976). Neither inference was contrary to the great weight and clear preponderance of the evidence. Accordingly, the judgment must be affirmed.

It is argued by the petitioner that it was error for the trial court to modify its findings of fact or its conclusions of law if the original determination was supported by a sufficient quantum of evidence. That assertion is an erroneous statement of the law. In *Fringer v. Venema,* 26 Wis.2d 366, 132 N.W.2d 565, 133 N.W.2d 809 (1965), this court indicated that the predecessor procedural statute, sec. 296.46(3), Stats., vested sufficient discretion in a trial court to permit it to review its findings of fact, conclusions of law, and judgment. In *Glassner v. Medical Realty, Inc.,* 22 Wis.2d 344, 126 N.W.2d 68 (1964), this court pointed out that, after the running of the sixty-day period, subsec. (3) was inapplicable and only subsec. (1) could be utilized. The court stated that, under subsec. (1), the trial court could not vacate a judgment because of prior error. Instead there must be a showing of mistake, inadvertence, surprise, or excusable neglect by the party seeking relief. It seems clear, therefore, that mere error by the trial court would be sufficient under subsec. (3) for it, in its discretion, to vacate an order if it acted within the statutory time. Under sec. 806.07(1)(h), Stats., which we deem to be the successor to sec. 269.46(3), the trial court could vacate the prior judgment and correct its findings if, in the exercise of due discretion, it con-

cluded that it had erred. *Amidzich v. Charter Oak Fire Ins. Co.*, 44 Wis.2d 45, 170 N.W.2d 813 (1969).

In support of its erroneous position that a trial court cannot modify its original findings of fact if those findings are not contrary to the great weight and clear preponderance of the evidence, the petitioner relies upon *United States v. Jefferson Electric Mfg. Co.*, 291 U.S. 386 (1934). The quotation from that case has been truncated by the petitioner to make it appear that the court was discussing a trial court's review of its own finding.[2] When the quotation is read in its entirety, it

---

[2] On pages 5 and 6 of the appellant's brief appears the following language, including the purported quotation from *Jefferson*, which appears in the second paragraph below:

"On appeal, the Supreme Court of the United States affirmed the trial court and spoke about the evidence and the function of the trial court as follows:

"'We think there was such evidence. There was conflict in it; parts of it admitted of diverging inferences; and as to some matters the preponderating weight was difficult of ascertainment. But these were all matters for the trial court to determine. It was exercising the functions of a jury and its findings are on the same plane as if embodied in a jury's special verdict . . . Even if there was some basis for thinking the weight of the evidence was with the defendant, as was strongly urged at our bar, it was not within the province of that court (trial court) to re-examine the evidence and reverse the judgments because of what it regarded as error of fact.' (emphasis ours [Petitioner's])

"This case clearly points out that Judge Sullivan, on the motion for reconsideration, could not re-examine the evidence and reverse because of what he regarded as error of fact."

The correct quotation appears in *Jefferson* as follows:

"*Whether the District Court erred in denying the defendant's motion at the conclusion of the evidence for judgments thereon in his favor must be determined by ascertaining whether there was substantial evidence fairly tending to establish every element of the plaintiff's causes of action.* We think there was such evidence. There was conflict in it; parts of it admitted of diverging inferences; and as to some matters the preponderating weight

is obvious that the United States Supreme Court was discussing the appellate review by the United States Court of Appeals of a trial court finding. The material appearing in petitioner's brief excised the portions of the quotation which made it clear that appellate review was under consideration by the court. Had the excised portions of the quotation remained, it would have been clear that only appellate review was being discussed. The parenthetical reference—"trial court"—added by the petitioner was flagrantly and patently incorrect.

We conclude that the use of this inappropriately abbreviated quotation was palpably misleading, and we further conclude that its use, as altered by the petitioner, constituted a violation of sec. 251.76, Stats. That rule provides:

"251.76 Rule (Penalty for misleading citations). No costs of printing shall be allowed for any brief containing a manifest miscitation of authority or a palpably misleading quotation from any opinion or textbook, not corrected by the author before submission of the cause."

Because we conclude that the petitioner shall not prevail on the merits of this appeal, the deprivation of costs for the printing of the brief constitutes an ineffectual sanction. We, therefore, deem this to be an infraction of the rules for which no specific penalty is provided. Accordingly, we conclude, under the circumstances here,

---

was difficult of ascertainment. But these were all matters for the trial court to determine. It was exercising the functions of a jury and its findings are on the same plane as if embodied in a jury's special verdict. *We are accordingly of opinion that the motion was rightly overruled, and that the Circuit Court of Appeals erred in not so holding.* Even if there was some basis for thinking the weight of the evidence was with the defendant, as was strongly urged at our bar, it was not within the province of that court to reexamine the evidence and reverse the judgments because of what it regarded as error of fact." (at 407) (footnotes omitted; the *underlined* portions were omitted in the brief filed by petitioner)

that the printing and submission to this court of a misleading citation constitutes a violation of sec. 251.85, Stats. Sec. 251.85 provides:

"251.85 Rule (Costs for infraction of rules). For infraction of any of the rules of this court, for which no penalty is expressly provided, the offending party may be mulcted in costs, in the court's discretion, for the benefit of the opposing party."

In our discretion, we conclude that it is appropriate that the petitioner pay as additional costs to the respondent the sum of $50 for violation of Rule 251.85, Stats.

*By the Court.*—Judgment affirmed and costs awarded, together with additional costs for violation of Rule 251.85, Stats., as set forth in the opinion.